## SUPREME COURT.

JOHN TREADWELL'S executors agt. ALFRED ABRAMS.

Where in an action upon a promissory note, the defendant set up a counter claim for many years' services rendered the plaintiff's testator, (the payee of the note,) previous to the date of the note, and that the testator had promised to give defendant in consideration thereof, certain real estate of large valuation, which counter claim was attempted to be proved on the trial, although a payment upon the note had been made by the defendant, as late as six weeks before the testator's death.

*Held*, that the circuit judge was correct in charging the jury, that all the alleged services, if any, having been rendered before the date of the note, and it not being shown for what the note was given, the jury had a right to presume, in connection with the subsequent payment, that the note was a *settlement of all existing claims* between the parties.

*New-York Special Term, March,* 1857.

JOHN W. EDMONDS, *for plaintiffs.*
JAMES W. GERARD, *for defendant.*

ROOSEVELT, Justice. The defendant admits the claim of the plaintiff for $200, as the balance due on a promissory note made by him on the 28th April, 1851; but sets up a counter claim for alleged services of a prior date, to the amount of ten thousand dollars. On the trial, the judge charged, and the jury found against him; and the question now raised is, and it is in reality the only question, was the charge right? I am thus again called upon, as a single judge, to review the decision of another single judge, both of the same court, and both with the same powers. The unfitness of the procedure is too manifest for argument. Fortunately I see no reason for any diversity of opinion, as to the merits on the case as presented.

Chronology, it is said, is one of the eyes of history. Applied to the defendant's claim, it leaves no room for doubt.

The defendant says that John Treadwell, the payee of the

note, (who died on the 5th of December, 1851,) in his lifetime, employed the defendant, he does not say at what, for the space of seven or eight years. During the five years from 1843 to 1848, he was employed "for the greater part of the time, but not steadily," whenever the deceased required his services, which was, he says, with some apparent contradiction, during "about one quarter of the time." He then worked continuously for six months till March, 1849. And beginning again in September, continued steadily for nineteen months and a half, "till the 17th of April, 1851:" when "his work, labor and services," whatever they were, appear to have ceased.

What was to be his salary, or perhaps, more properly speaking, his wages, is very uncertain. No price, he says, was agreed on; certainly none was paid. But in lieu of it, Treadwell, he says, who was a wealthy man, promised to leave him "a large portion of his property." Unfortunately, however, the testator "died very suddenly and unexpectedly," and was thus, we are to infer, defeated in his liberal intentions. He had time enough, nevertheless, it would seem, verbally to renew his previous engagement, for "he promised to give the defendant, for his services, a certain property in Flatbush, called the Johnson Place, then owned by him, and of the value of about ten thousand dollars."

Such is in substance, the defendant's counter claim as presented by himself. It exhibits in its dates, when brought together and compared, this striking, and certainly not very usual, phenomenon, of a liberal man, who acknowledged himself, in effect, to be another's debtor, to the extent of $10,000 for many years' services, completed only ten days before, exacting (and the other freely giving) a written engagement promising on demand to pay that other five hundred dollars, and that, too, with interest, *for value received*. How is it possible that such an acknowledgment, unexplained, should have been given or demanded, if there existed at the time a known and admitted debt in favor of the maker, and against the payee, of twenty times the amount? And still further, how is it possible that the acknowledgment should not only have

been demanded and given, but part payment afterwards exacted and complied with, as late as six weeks only before the testator's death?

Without going over the evidence in detail, it seems to me that the judge who tried the cause, could do no less, under the circumstances, than to say to the jury, as he did, that all the alleged services, if any, having been rendered before the date of the note, and it not being shown for what the note was given, they had a right—he did not say they were bound—to presume, in connection with the subsequent payment, that the note was a settlement of all existing claims between the parties. Such a charge was not only warranted by law, but cautious and guarded. The exception, therefore, on that point (and it is the only one, as already observed, of any consequence,) was not well taken.[1]

Motion for new trial denied, and judgment for plaintiff for the balance of the note, with interest and costs, according to the verdict of the jury.

[1] The cases of *De Forest* agt. *Bloomingdale*, and of *Lake* agt. *Tyson* (the last in the court of appeals) are conclusive. (*See* 5 *Denio*, 304, *and* 2 *Selden*, 461.)