LYDIA GREEN *vs.* JOHN H. ROBERTS, executor, &c.

Where a daughter, after arriving at the age of twenty-one years, continues a member of her father's family, rendering services for him, and receiving her support and maintenance from him as before, without any understanding between them that she shall be paid, the law will not allow her to recover for such services.

Under such circumstance the relation between the parties is that of parent and child, and not of master and servant.

If there is evidence to show that there was a mutual understanding that the daughter was to be paid for her services, so as to constitute the relation of master and servant, the daughter, in the absence of any express agreement as to the amount, is entitled to recover what the services were reasonably worth. And the law will imply a promise by the master to pay the servant, for the services, from the fact that they were rendered with his knowledge and assent.

Where there is *some* evidence to sustain a verdict, the court is not at liberty upon exceptions only, to disturb the verdict on the ground that it is unsupported by the evidence.

MOTION by the defendant for a new trial on exceptions ordered at the circuit to be heard at a general term in the first instance. On the trial at the circuit, the plaintiff recovered a verdict for $400.

*John A. Van Derlip,* for the defendant.

*Scott Lord,* for the plaintiff.

*By the Court,* WELLES, J. The action was brought to recover compensation for labor and services of the plaintiff, rendered to and for the use, and at the request, of the defendant's intestate. It appeared upon the trial, at the Livingston circuit, in January, 1866, that the plaintiff was the daughter of the intestate, and from her infancy until her marriage, in June, 1860, she lived with her father, the intestate, as a member of his family. That she became twenty-one years old in September, 1839. That her father died in September, 1863. She claimed for services, &c. from the time she became twenty-one years old to the time of her marriage, a period of about twenty-one years.

The principal question for this court to decide is, whether the evidence was sufficient to authorize the jury to find that her services during that period or any part of it, were rendered under or in pursuance of an agreement or understanding with her father, express or implied, by which she should be paid therefor. There was no positive evidence that any such express agreement had been made. If the plaintiff, after arriving at the age of twenty-one years, continued a member of her father's family, rendering services for him and receiving her support and maintenance from him, as before, without any understanding between them that she should be paid, the law will not allow her to recover for such services. In such case the relation between them would be that of parent and child, and not of master and servant. In the latter case, that of master and servant, the servant would be entitled to recover, in the absence of any express agreement, what the services were reasonably worth, and the law would imply a promise by the master to pay the servant for the services, from the fact that they were rendered with the master's knowledge and assent.

In the case before us, the plaintiff gave evidence which the jury would have a right to regard as tending to prove a mutual understanding, that the plaintiff was to be paid for her services, while at the same time they might put a different construction upon it. This was for the jury to decide, and it was put to them in that light by the judge, in his instructions to them, at the close of the evidence.

The charge to the jury was full, and perfectly fair to the defendant as well as to the plaintiff, and embraced every aspect of the case, and contained, as I think, a correct statement of the law on the subject, in general and in detail.

I have considered the exceptions taken by the defendant to the rulings upon the trial and to the charge to the jury, and do not perceive any error in either of them.

The evidence from which to imply a contract on the part of the intestate to pay for the services in question was quite

weak, but I am not prepared to say it was so weak as to require the judge to take the case from the jury and nonsuit the plaintiff. The case is here on exceptions only, and we are not at liberty to disturb the verdict on the ground that it is unsupported by the evidence.

For the foregoing reasons I think a new trial should be denied.

Ordered accordingly.

[Monroe General Term, March 4, 1867. *Welles, E. D. Smith* and *Johnson*, Justices.]