Dutcher *v.* Porter.

bound by that rule, until reversed by a higher court. This being so, I do not feel bound to discuss the point whether or not the notice of appeal brings the defendant within the provisions of the 371st section of the Code, as amended in 1866.

The result is, that the order of the special term should be modified by striking out of the plaintiff's bill of costs $70, charged for the costs of the argument in general term of the Supreme Court, when the case was irregularly there, with $10 costs of this motion and $10 costs at special term, to the defendant on this appeal.

[THIRD DEPARTMENT, GENERAL TERM, at Plattsburgh, July 5, 1870. *Miller*, P. J., and *Potter* and *Parker*, Justices.]

———— • ◆ • ————

SENECA DUTCHER and GRANVILLE PORTER, administrators &c., *vs.* STRATTON PORTER.

After judgment, it will be assumed that evidence sufficient to sustain it was given.

Where, at the trial, a party assumes and treats the questions raised as being questions of law, to be decided by the court, and they are passed upon and ruled against him, he cannot, on appeal, insist that the questions decided by the court involved a question of fact.

On the 19th day of September, 1865, the defendant executed his promissory note to D. for $150, payable, with interest, two years after date. On the 15th of November, 1865, the defendant executed another instrument, by which, for and in consideration of a certain sum of money, together with all claims or demands that D. held against him, bearing date November 15, 1865, bound himself, his heirs, executors, administrators and assigns, to support D. during his natural life. In an action by D.'s administrators upon the promissory note,

*Held* 1. That the obligation contained in the instrument dated November 15, was one that could be enforced, if the defendant refused performance, or damages for non-performance could be recovered.

2. That in the absence of any evidence upon the subject of performance or non-performance, the court must presume that was not a point in the case; or, if it was, then the burthen of proof was upon the plaintiffs.

3. That the language of the agreement, of November 15, 1865, showed that the parties had an accounting, on that day; and that the legal presumption would be that such accounting included all prior liabilities.

4. That such agreement, for its consideration, included the note sued upon, as one of the claims or demands which D. held against the defendant at the date of the agreement. And that the accounting then had, between the parties, was presumptive evidence of a settlement of all demands, including such note.

By a well established rule of law, the giving of a promissory note is *prima facie* evidence that, at the date of it, there was a settlement of all demands between the parties, and that the note remained as the only claim existing between the parties to it; or at all events, from the maker to the payee.

*mm*

APPEAL from a judgment entered at a special term, on a trial at the circuit, before the court, without a jury.

The action was brought by the plaintiffs as administrators of Cortland Dutcher, deceased, to recover the amount due upon a promissory note, of which the following is a copy:

"Red Brick, Sept. 19th, 1865.

$150. Two years from date, for value received, I promise to pay Cortland Dutcher, or bearer, the sum of one hundred and fifty dollars, with interest from date.

WALTER M. PORTER.
STRATTON PORTER."

The defendant set up a counter-claim, and also claimed that a certain contract was executed by the defendant, of which the following is a copy:

"For and in consideration of a certain sum of money, together with all claims or demands that the said Cortland Dutcher holds against me, bearing date November 15th, 1865, I hereby bind myself, my heirs, executors, administrators and assigns, to provide and support the said Cortland Dutcher from this date, on and during his natural life.

Dated November 15, 1865.      STRATTON PORTER.
Witness, WALTER M. PORTER."

The execution of this note was admitted. There was some evidence offered, in the case, all of which was stricken out, on motion of the plaintiffs' attorney. The defendant then, in open court, by his attorney, withdrew his counter-claim, and rested his case solely upon the instrument. After argument of counsel, the court reserved its decision, and subsequently, viz., in February, 1870, ordered a judgment for the defendant, with costs; holding that the instrument was of itself a perfect defense to the plaintiffs' action. To all of which the plaintiffs' counsel excepted. From the judgment so entered, the plaintiffs appealed to the general term.

*H. R. Low,* for the appellants.

*Niven & Thompson,* for the respondent.

*By the Court,* P. POTTER, J. From the case, as made up, it is very difficult to determine whether any error was committed, on the trial. The facts transpiring on the trial, as stated in the case, were stricken out, on motion of the plaintiffs' attorney, and yet we can see that there must have been some evidence which was considered by the judge, in relation to the agreement set up in the answer as a counter-claim, and used on the trial only as a defense. But no point is made that the findings are against the evidence. This agreement, though denied in the plaintiffs' reply to the answer, must have been proved, or admitted, on the trial, which proof could not have been included in the testimony stricken out; for, in open court, the defendant rested his case solely upon this instrument, not as a counter-claim, but as a defense. No objection or exception was taken that the instrument had not been proved. By implication this must be deemed to have been admitted. The decision of the judge was based upon the effect of the instrument, which could not have been done, without proof of it, in some form.

It is perhaps an important fact to know in whose possession this instrument was found, if effect is claimed for it as a defense. If it was found in the defendant's possession, there would be no evidence of its having been an agreement made and accepted by the parties. Otherwise, perhaps, if in the possession of the intestate. But as the case presents no exception that the judgment is against the evidence, and the judge decided that the instrument itself was a defense to the action, we must assume, upon this review, that the instrument was duly proved. Indeed the plaintiffs' brief concedes this. It says the defendant put it in evidence; and also, that "the only question to be determined, in this case, is whether the instrument *given in evidence* constitutes any defense to the action." This statement concedes, also, I think, that this instrument was found among the papers of the intestate; which fact the plaintiffs' counsel also assumes, in his third point, for the sake of the argument. The case, however, shows no evidence given upon either of these points. After judgment, we must assume that evidence sufficient to sustain it was given.

I understand the rule to be, in such cases, that where, at a trial, a party assumes and treats the questions made as being questions of law, to be decided by the court, and they are passed upon and ruled against him, he cannot, on appeal, insist that the questions decided by the court involved a question of fact. So held in *Barnes* v. *Perine,* (12 *N. Y.* 18.)

Upon this statement of facts to be assumed, the intestate accepted, on his part, the agreement made by the defendant on his part. The single question that remains is, was this a binding agreement, so as to create a defense to the note sued upon?

There was then an agreement in the possession of the intestate, expressing a good consideration, and binding upon the defendant. The defendant had received, as the

agreement admits, a certain sum of money, and besides, certain demands which the intestate held against him; and in consideration of these, the defendant bound him-self, his heirs, executors, administrators and assigns, to support the intestate during his natural life. This was an obligation that could be enforced, if the defendant refused performance, or damages for non-performance could be recovered. In this case there was no evidence upon the subject of performance or non-performance, and we must presume this not to be a point in the case; or, if so, then the burthen of proof was upon the plaintiffs, and none has been presented.

If we are right in these views, the only question in the case is, the construction of the agreement set up as a defense, viz., does the agreement in question, for its consideration, include the note sued upon, as one of the claims or demands which the intestate held against the defendant at the date of the agreement, and which formed the consideration for his written promise?

It is well settled that the intention of the parties, in a written contract, must be collected from the language of the instrument, and from the whole instrument taken together. And in order to carry that intention into effect, the literal import of the words used may be disregarded, if a reasonable construction of the instrument demands it. On the 19th of September, 1865, the note in suit was given; on the 15th of November, less than two months afterwards, the agreement set up as a defense was given. By the well established rule of law, the giving of the note is *prima facie* evidence that, at the date of it, there was a settlement of all demands between the parties, and that the note remained as the only claim existing between the parties to it; or at all events, from the maker to the payee. (*Lake* v. *Tysen,* 6 *N. Y.* 461, *and cases cited.*)

The agreement set up as a defense would, in like manner, be *prima facie* evidence of an accounting between the

same parties, and especially of all that the intestate held against the defendant, including the note in question, but for the expression therein, in the words "*bearing date November* 15, 1865." The meaning of these words is the only question in the case. Though these words, ordinarily, and standing alone, would exclude the note of 19th September, yet the preceding words in the agreement are sufficient to show that the parties had another accounting on the 15th of November, and the legal presumption would be, that the accounting of the last date included all prior liabilities. The agreement recites that the defendant, *on that day*, received from the intestate a sum of money; he also received claims and demands of the intestate against him, on that day. How much money, and what was the character of the demands, and of what they consisted, the agreement fails to state; but if the parties on that day settled, or had an accounting, and brought all their demands down to that date, as the law will imply, then all the demands so taken into the account would *bear date on the* 15th *of November*, 1865. If the note in question, and the money received on that day, (15th November, 1865,) were intended to be made demands bearing date on that day, the agreement is consistent in its language. The money received certainly bore date on that day. Something besides money, in the character of claims and demands, was received on the same day. The parties therefore had an accounting on that day. They had an accounting only two months before. Unexplained, the presumption is, that all their demands were included. It is improbable that the intestate would have paid money to a person indebted to him, when he held his note. I think the accounting which was had on the date of the agreement is presumptive evidence of a settlement of all demands. (*Lake* v. *Tysen,* 6 *N. Y.* 461. *Defreest* v. *Bloomingdale,* 5 *Denio,* 304.)

There has been no error shown which is sufficient to reverse the judgment. It should be affirmed.

·Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Albany, February 7, 1871. *Miller, P. Potter* and *Parker*, Justices.]