CHARLES E. WHITEHEAD, Executor, etc., Respondent, v. JAMES H. SMITH, Impleaded, etc., Appellant.

To secure the joint bond of a husband and wife they executed their mort-
gage to C. upon lands owned by the wife alone. She thereafter con-
veyed the mortgaged premises to her son who, in an action to foreclose
the mortgage, brought by an assignee of the mortgagee, interposed the
defense of usury ; the mortgagors did not defend. The mortgagee died
previous to the trial. This took place in 1878, when the original section
830 of the Code of Civil Procedure was in force, which provided in sub-
stance that where a party cannot be examined as a witness concerning a
transaction with a deceased person under section 829, the husband or
wife of said party cannot be examined concerning the same transaction.
Upon the trial the son called his father, who negotiated the loan with
the mortgagee, as a witness solely in his own behalf, to prove the usury.
*Held*, that as the mother, to whose title the son succeeded, would have
been precluded from testifying in his behalf as to the transaction with
the deceased, the testimony of the father was properly excluded. .
As to whether such testimony falls within the prohibition of section 829
*quære.*

(Argued April 8, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the second judicial department, affirming a
judgment in favor of plaintiff entered upon a decision of the
court on trial at Special Term. (Reported below, 14 Hun, 531.)

The nature of the action and the facts appear in the opinion.

*I. T. Williams* for appellant.

*Charles E. Whitehead* for respondent.

RAPALLO, J.   This action is brought to foreclose a mortgage
on real estate, made by Caroline Smith and William R. Smith
to William P. Coolidge, now deceased, to secure the payment
of the joint bond of the mortgagors, who are husband and wife.
The land mortgaged was the property of the wife, the husband,
William R. Smith, never having had any interest therein.
After having made the mortgage, the wife conveyed the mort-
gaged premises to her son, James B. Smith, who was made a

party defendant to the foreclosure suit, and put in an answer setting up the defense of usury. Caroline Smith and William R. Smith joined in this answer but did not appear upon the trial. James B. Smith alone appeared to defend.

The counsel for James B. Smith called the defendant William R. Smith as a witness, solely in the behalf and interest of James B. Smith, and not in the behalf or interest of the defendants William R. Smith or Caroline Smith, and asked the witness whether he negotiated the bond and mortgage with William P. Coolidge, deceased, and offered to prove by him the usury alleged in the answer. This evidence was objected to on the ground that it concerned a personal transaction between witness and said William P. Coolidge, deceased, through whom plaintiff derived title to the mortgage. The objection was sustained and exception taken. The question at issue on this appeal arises upon that exception.

Under section 399 of the late Code, one of several defendants could not testify either in his own behalf or in behalf of a co-defendant, as to personal transactions with a deceased party, through whom the plaintiff claimed. A party to the action was absolutely prohibited from testifying to such transactions.

This unqualified prohibition sometimes operated to exclude evidence not objectionable on principle, and it was modified by section 829 of the Code, which took effect September 1, 1877, so as to prohibit a party to the action, or a person interested in the event thereof, from testifying to such transactions, only when he is examined in his own behalf or interest, or in behalf of a party succeeding to his title or interest. The fact that the witness is a party on the record is no longer controlling.

The witness was not, in the present case, called in his own behalf. He did not appear to defend, but he was called solely in behalf of the defendant, James B. Smith; and it is claimed that he was not called in his own interest, as he stood undefended on his bond, and judgment could go against him thereon. Also that James B. Smith, in whose behalf the witness was called, was not the succesor to his title or interest, he (the witness) never having had any interest in the mortgaged premises

and never having made any conveyance to James B. On these grounds, the counsel for the appellant contends that the witness did not fall within the prohibition of section 829 and was competent.

It is not necessary to pass upon the soundness of this argument, because, if the correctness of the premises be assumed, there is a difficulty in the way of adopting the conclusion which appears to us insuperable. The trial took place on the 9th of March, 1878. At that time section 830 of the Code of 1877 was in force, it not having been repealed until April 22, 1878. That section provided, in substance, as we understand it, that the husband (or wife) of a party to the action, or of a person interested, who, under section 829, could not be examined concerning a transaction with a deceased person, could not be examined concerning the same transaction, or a like transaction, between the witness and the deceased person. We think that the effect of that section is, that inasmuch as the defendant Caroline Smith would have been precluded by section 829 from testifying in behalf of James B. Smith, the successor to her title, as to a personal transaction between herself and the deceased, William R. Smith, her husband, was equally incompetent to testify, in behalf of her grantee, to the same transaction, or to a like personal transaction, between himself and the deceased.

It follows that his testimony was properly excluded, and the judgment should be affirmed, with costs.

All concur; MILLER, J., concurs in result.

Judgment affirmed.