## In re MERCHANT'S ESTATE.

### (Supreme Court, General Term, Fourth Department. July 20, 1889.)

1. EXECUTORS AND ADMINISTRATORS—PAYMENT OF DEBTS.

　The fact that a claim against the estate of a decedent was presented to and rejected by the administratrix does not deprive the surrogate of jurisdiction to determine its validity, in proceedings under a petition by the creditor to sell real estate for the payment of debts.

2. SAME—SALE OF REALTY FOR PAYMENT OF DEBTS.

　A petition by a creditor to sell real estate for the payment of debts gives the surrogate jurisdiction, though material allegations therein are on information and belief, without stating the grounds of the information, and though no application has been made to the surrogate for an inquiry, as provided by Code Civil Proc. § 2753.

3. SAME—INSUFFICIENCY OF PERSONAL ESTATE.

　In ascertaining whether the personalty is sufficient to pay the debts of.the estate, the surrogate has a right to consider the inventory on file, and under Code Civil Proc. § 2759, a final accounting is not necessary before making an order to sell real estate for the payment of debts.

4. PARENT AND CHILD—CONTRACT FOR SERVICES.

　A parol contract between a father and son, by which the son is to work on the father's farm for an indefinite length of time, and to be paid the reasonable value of his services, cannot be extended beyond the father's death.

5. SAME—INTEREST.

　In such case it is not proper to allow interest on the unliquidated claim from the close of each year's service.

6. WITNESS—TRANSACTIONS WITH DECEASED.

　In a proceeding before the surrogate, involving the validity of the son's claim against the father's estate for such services, the son was allowed to answer the questions, "Did you perform work on these premises?" and also "state what you did there, aside from personal transactions with" the father. *Held*, that the evidence called for was not within Code Civil Proc. N. Y. § 829, excluding evidence of personal transactions with a deceased person.

　Appeal from surrogate's court, Oswego county.

　Sarah A. Merchant, administratrix of the estate of David Merchant, deceased, appeals from a decree of the surrogate directing the sale of real estate for the payment of debts. David Merchant died intestate, April 14, 1887. Letters of administration were on August 23, 1887, issued to the appellant, his widow. On September 15, 1887, she filed an inventory, showing that there was personal property to the amount of $446.10, applicable to the payment of debts. On March 7, 1888, under an order of the surrogate's court, the administratrix caused to be published a notice to creditors to present claims. On April 9, 1888, Warren Merchant, claiming to be a creditor of the estate to the amount of $1,537.83, with interest from December 1, 1887, presented a petition to the surrogate for the sale of the real estate for the payment of debts. Shortly thereafter he presented his claim to the administratrix, which she rejected and offered to refer, but no reference was had. Upon the petition a citation was issued to the proper parties and served, and a trial had before the surrogate. He found, among other things, that there was due to the petitioner on July 17, 1888, over and above all payments, the sum of $1,008.18.

　Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

　*James Gallagher*, for appellant. *Samuel H. Wandell*, for respondent.

MERWIN, J. The main question litigated before the surrogate was the claim of Warren Merchant against the estate. The fact that this claim was presented to and rejected by the administratrix did not deprive the surrogate of jurisdiction to determine its validity in the proceeding before him. *In re Haxtun*, 102 N. Y. 157, 6 N. E. Rep. 111. The claim was for work, labor, and services upon the farm of the deceased from June 24, 1877, to December 1, 1887. The claimant was a son of the deceased, and a member of his family. It was therefore incumbent on him to show, either an express promise that his services should be paid for, or that such was the expectation on both sides. *Williams* v. *Hutchinson*, 5 Barb. 124, and cases cited. *Green* v. *Roberts*, 47 Barb. 521. The surrogate finds that in August, 1881, there was an agreement between the deceased and his son Warren, whereby the deceased hired Warren to work for him on his farm, and agreed to pay him the going wages for such work during the working season, being from April 1st to December 1st, of each year Warren should stay and work for him; and that Warren under this agreement worked two and one-half months in 1881, and eight months in each of the years 1882, 1883, 1884, 1885, 1886, 1887,—making in all fifty and one-half months. We think the evidence is sufficient to sustain at least a finding that there was a mutual understanding that Warren should be paid for his services what they were reasonably worth. That would be sufficient for a basis for the claim. The surrogate includes in the time of service eight months of the year 1887, being from April 1st to December 1st. The deceased died on the 14th April, 1887. So that the query is whether in such a case the contract can be extended beyond the death. The contract here was not for any fixed time; there was no writing. The claimant, if he recovers at all, recovers the reasonable value of the services that he performed for the deceased. We think he should not recover for anything occurring after the death. This would reduce the time to 43 months. As to the value of the services, as well as to the amount he worked each year aside from 1887, there is no particular dispute. The facts in that regard were such that, if the evidence presented by the claimant was not correct, the true version could have been readily presented. The surrogate apparently allowed interest from the close of each year's service. In the account presented interest was not claimed. In the petition it was claimed from December 1, 1887. There are cases holding that, upon an unliquidated demand for services, interest should not be allowed. *Robinson* v. *Stewart*, 10 N. Y. 197; *Gallup* v. *Perue*, 4 Wkly. Dig. 353. That rule should be applied here, and interest only allowed from December 1, 1887.

Upon the trial, Warren Merchant, being upon the stand as a witness in his own behalf, was asked the question: "Did you perform work on these premises?" This was objected to as incompetent, under section 829 of the Code, and the objection was overruled, and exception taken. The answer was, "Yes." The question was then asked: "State what you did there, aside from personal transactions with Mr. Merchant." There was the same objection, ruling, and exception. It is claimed that these rulings were erroneous. In *Lerche* v. *Brasher*, 104 N. Y. 157, 10 N. E. Rep. 58, being an action for services performed by plaintiff for defendant's testator, the plaintiff was allowed to answer the question: "What was done by you, excepting, of course, personal transactions or communications with the deceased, Mr. Van Wych, from the time you first commenced your labor down to his death?" This was held to be proper; it being said, if there was any improper evidence given under it, the remedy was by motion to strike out. In *Denise* v. *Denise*, 110 N. Y. 562, 18 N. E. Rep. 368, where a wife made a claim on contract against the estate of her husband, she was asked, as a witness in her own behalf, the question: "From the date of your marriage, who provided the necessaries for the house and the support of the family?" This was held to be proper. In the present case it is to be borne in mind that the fact simply of performance

of work would not, as in some other cases, authorize any inference of an implied promise to pay; nor was the evidence offered on that basis. We think the rulings were not erroneous. Besides, there is other evidence on the part of the claimant, uncontradicted, that shows substantially the same thing; so that the ruling, if wrong, was harmless.

It is further claimed by the appellant that the surrogate erred in overruling objections made to the petition, to the effect that material allegations in it were on information and belief, and the grounds of the information were not stated; that the petition did not state that diligent or any inquiry was made to ascertain the truth of the facts stated; and no application had been made to the surrogate for an inquiry, as provided by section 2753. The petition seems to state all that the statute requires. The fact that some statements are on information and belief does not affect the question. They must necessarily be so in many cases when the petition is by a creditor, and, if he has credible information, there is no occasion to have the inquiry authorized by section 2753. As long as the facts are in the petition that give the surrogate jurisdiction, it need not necessarily state that diligent inquiry has been had. *In re Bank,* 39 Hun, 181. The truth of the statements was a matter to be investigated by the surrogate on the trial. We think the objections were properly overruled.

The conclusion of the surrogate that the personal estate was insufficient to pay the debts was justified by the case before him. He had a right to consider the inventory on file, (*Forbes* v. *Halsey,* 26 N. Y. 60,) and a final accounting was not necessary before making the order. Section 2759. A point is made by the appellant as to the appraisal called for by section 2760. The proceedings of the surrogate under that section are not before us. The appraisal is not a part of the record. It seems to have been an *ex parte* proceeding. If not satisfactory to the appellant, she should have moved before the surrogate for relief, and if the order then made was not satisfactory she would very likely have had a remedy by appeal. No other questions are raised that call for special consideration. It follows that the decree is correct, except as to the amount of the debt to the respondent. That can be adjusted here under the power given by sections 2586 and 2587 of the Code. Forty-three months' services, at $20 a month, would be $860. Deducting payments of $157.50 allowed by the surrogate, there would be a balance of $702.50, which, with interest from December 1, 1887, to August 13, 1888, would be $727.21. The decree should be modified by reducing the debt of Warren Merchant as fixed by the decree to the sum of $727.21, and as so modified should be affirmed, without costs of this appeal to either party as against the other.

MARTIN, J., concurs.

HARDIN, P. J., concurs in the result, saying that the ruling under section 829 is doubtful.