DAN H. DAVIS, RESPONDENT, v. JOHN W. GALLAGHER AND KATE M. PRICE, AS ADMINISTRATORS OF JAMES L. PRICE, DECEASED, APPELLANTS.

*Services rendered by a member of the family — evidence which justifies a recovery therefor — presumption arising from the giving of a note — evidence as to personal transactions with a decedent — competency of an admission by an administrator.*

In an action for services performed by the plaintiff and his wife, and for hay and use of horse and pasturage furnished to the defendant's intestate, it appeared that the plaintiff was the step-son and a member of the family of the intestate at the time.

*Held,* that, in order to justify a recovery, it was not necessary for the plaintiff to prove an express and definite contract; but that, in the absence of such proof, it was incumbent upon him to prove such facts and circumstances as would show an understanding or expectation on the part of the decedent to pay, and of the plaintiff to receive, the value of such services and property.

The giving of a promissory note is *prima facie* evidence of an accounting and settlement of all demands between the parties, and of the fact that the maker of the note was indebted to the payee upon such settlement in the amount thereof; but this presumption is liable to be explained or repelled by proof of the actual consideration of the note, and of the occasion for, and circumstances attending, the giving of the same.

Evidence that a note was given for money received by the maker from the payee, that the payee stated that he did not want the note, but that the maker insisted upon giving it because it would be useful when they came to settle, completely repels the presumption of a settlement, or that the maker was indebted to the payee of the note to the amount thereof.

Where, in an action against the legal representatives of a deceased party, the legal representatives make the adverse party a witness in their behalf, and prove by him that he has had property of the decedent, it is competent for such adverse party in explanation thereof, and for the purpose of narrating the whole transaction, to state under what arrangement with the decedent he received such property.

The admissions of an administrator are competent, if made while he is engaged in the performance of some act relating to the estate of his intestate, such as negotiations relating to the adjustment and settlement of a claim made against the estate.

APPEAL by the defendants from a judgment, entered in the office of the clerk of the county of Oswego on the 14th day of December, 1888, after a trial before a referee, who found that the defendants, as administrators of the estate of James L. Price, deceased, were justly indebted to the plaintiff in the sum of $902.30, over and above all payments and offsets, together with interest.

The action was brought to recover for services of the plaintiff and his wife rendered, and for property furnished, to the defendants' intestate.

*J. W. Shea*, for the appellants.

*C. C. Brown*, for the respondent.

MARTIN, J. :

One of the questions presented on this appeal is, whether the evidence was sufficient to sustain the judgment awarded. The plaintiff recovered for services performed by himself and wife, and for hay, use of horse and pasturage furnished to the defendants' intestate. That the services were rendered and the property furnished and were of the value found was abundantly established by the evidence. The appellants, however, contend that, as the plaintiff was the step-son of the defendants' intestate and a member of his family at the time, he was not entitled to recover, as there was no evidence of an express promise by the decedent to pay therefor.

We do not think it was necessary to entitle the plaintiff to recover that he should prove an express and definite contract; but that, in the absence of such an agreement, it was incumbent upon him to prove such facts and circumstances as would show an understanding or expectation on the part of the decedent to pay, and of the plaintiff to receive, the value of such services and property. The authorities

are to that effect. ( *Wilcox* v. *Wilcox*, 48 Barb., 329 ; *Conger* v. *Van Aernum*, 43 id., 602, 607 ; *Dye* v. *Kerr*, 15 id., 445 ; *Williams* v. *Hutchinson*, 3 N. Y., 312, 317 ; *Lynn* v. *Smith*, 35 Hun, 276 ; *Robinson* v. *Raynor*, 28 N. Y., 496 ; *Markey* v. *Brewster*, 10 Hun, 16 ; affirmed 70 N. Y., 607 ; *Shakespeare* v. *Markham*, 10 Hun, 322 ; *Green* v. *Roberts*, 47 Barb., 521.)

The evidence tended to show that the defendants' testator was paid for the support, education and maintenance of the plaintiff during his minority by the use or interest on certain moneys belonging to him ; that plaintiff worked for decedent during such time and until he was about twenty-three years of age, when a settlement between them was had and the decedent conveyed to the plaintiff certain land for the consideration, as stated in the deed, of $1,000, in payment of the money had by the decedent which belonged to and was due the plaintiff, and amounted to about $470, and for his services up to that time ; that in 1882, and subsequent to that time, the decedent at various times made statements which were to the effect that he was indebted to the plaintiff for his work and upon matters existing between them, and tended to show that it was intended by both parties that he should be paid therefor. Without attempting to state the evidence in further detail, we think it was sufficient to justify the referee in concluding that there was an understanding or expectation by both parties that the plaintiff should be paid the value of the services rendered and property furnished, and, therefore, that his finding that there was an implied promise to pay therefor should be upheld.

In 1879 the plaintiff gave the decedent a note for $160 for money received by plaintiff of the decedent. This note was held by the plaintiff's intestate until 1881, when it was destroyed. When the note was given the decedent said he did not want it, but plaintiff stated that he wanted him to have it, as it might be of use when they came to settle. The appellant insists that the giving of this note was *prima facie* evidence of a settlement of all claims and demands between the parties up to that time, and was controlling evidence that there was no agreement beween them that plaintiff was to have pay for his services.

The giving of a promissory note is *prima facie* evidence of an accounting and settlement of all demands between the parties, and

that the maker was indebted to the payee upon such settlement to the amount of the note. This presumption is, however, only *prima facie*, and is liable to be explained or repelled by proof of the consideration of the note and of the occasion for and circumstances attending the giving of the same. (*Lake* v. *Tysen*, 6 N. Y., 461; *Dutcher* v. *Porter*, 63 Barb., 20; *Sherman* v. *McIntyre*, 7 Hun, 593.) We think the appellant's claim, that the giving of such note was controlling evidence that there was no agreement or understanding that plaintiff should be paid for his services, cannot be sustained. The evidence that the note was given for money had by the plaintiff of the decedent, that the decedent stated that he did not want a note, but plaintiff insisted upon giving it because it would be useful when they came to settle, we think completely repelled the presumption of settlement, or that the plaintiff was indebted to the decedent to the amount of the note.

It is claimed that the referee erred in permitting Mrs. Price, the plaintiff's mother and the widow of the decedent, to testify to the conversations between herself and the defendants' intestate, on the ground that such evidence was prohibited by the provisions of section 829 of the Code of Civil Procedure. We do not think the exception to this evidence well taken. This ruling is, we think, sustained by the doctrine of the case of *Carpenter* v. *Soule* (88 N. Y., 251). Although Mrs. Price was a nominal party to the action, still she was not called to testify in her own behalf or interest. Her testimony was against her interest. "The fact that the witness is a party on the record is no longer controlling." (*Whitehead* v. *Smith*, 81 N. Y., 152.)

It is also claimed that the provisions of section 829 were violated by permitting the plaintiff to testify to the arrangement made by him with the decedent about certain logs. The appellant made the plaintiff his witness and proved by him that he had had logs of the decedent, and that he used a horse belonging to the decedent in drawing them to the mill. After this evidence was given, in explanation thereof, and for the purpose of giving the whole transaction relating to the subject, the plaintiff was asked to state under what arrangement with Mr. Price he drew such logs. This evidence was admitted under the defendant's objection and exception. The defendant proved by the plaintiff that he had had logs of the

decedent for the purpose of charging him with their value. A transaction between the plaintiff and the decedent was thus shown by the defendant's examination. When this was done, the whole transaction was open, and the plaintiff was entitled to testify in his own behalf in relation thereto. Section 829 was not intended to abrogate the rule of evidence that where a party calls a witness and examines him as to a particular part of a transaction or communication, the other party may call out the whole of the transaction or communication bearing upon or tending to qualify the particular part to which the examination of the other was directed. (*Merritt* v. *Campbell*, 79 N. Y., 625 ; *Nay* v. *Curley*, 113 id., 575.) We think this evidence was admissible and properly received by the referee.

On the trial the referee permitted the plaintiff to prove what was said and done by the plaintiff and defendants when all were present and endeavoring to settle plaintiff's claim, with the aid of two neighbors who were chosen by the parties to assist them in adjusting the matters in difference between them. This evidence was admitted under the defendant's exception. The sole purpose of the evidence was to show the admissions of the defendants. When the plaintiff, the administratrix and administrator were all present, the defendants were expressly requested to state their objections or dissent to any claim or matter that should be made or stated by the plaintiff.

The admissions of an administrator are competent if made while engaged in the performance of some act relating to the estate. The act should be such as called for and made the declaration pertinent, and the declaration should accompany such act so as to constitute a part of the *res gestæ*. (*Church* v. *Howard*, 79 N. Y., 419.) In *Whiton* v. *Snyder* (88 N. Y., 299, 307) where an administrator in a proceeding before a surrogate testified that he had certain personal property in his possession, and his testimony was afterwards offered in evidence, in an action to recover such property it was held that it was admissible, that as he was resisting a claim to take away the property of the estate represented by him, his admissions were competent and a part of the *res gestæ*. The principle of the cases cited would seem to justify the ruling complained of. Here the administrator and administratrix were engaged in trying to adjust

and settle a claim made by the plaintiff against the estate, which was an act relating to the estate represented by them, and the admissions were pertinent to and a part of such act. We think, under the doctrine of the cases cited, it should be held that the evidence of what occurred at that time was admissible.

The appellant in his brief states that no costs should have been allowed by the order of confirmation granted herein. The order shows that it was based on affidavits, none of which are set out in the appeal book. Under these circumstances, it is clearly our duty to affirm the order.

We have examined the other exceptions in the case, but have found none disclosing error or that require special consideration. We think the evidence was sufficient to sustain the findings of the referee, and that no errors were committed in the rejection or admission of evidence which would justify a reversal of the judgment.

The judgment and order should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.