(59 App. Div. 288.)

BOUTON v. WELCH et ux.

(Supreme Court, Appellate Division, Third Department. March 8, 1901.)

1. WITNESSES—EVIDENCE—COMMUNICATION WITH DECEASED—INTEREST.

Under Code Civ. Proc. § 829, providing that a party or person interested in the event of an action shall not be examined as a witness in his own behalf against the executors of a deceased person concerning a personal transaction or communication between the witness and deceased, in an action to foreclose a mortgage given to the testator, the mortgagor, whose answer has been withdrawn, is not debarred from testifying as a witness for his wife, who claims to own the mortgage, on the trial of issues as to such claim between her and the executor of the will of the mortgagee, since he is not interested in such issue, and is not testifying in his own behalf.

2. SAME—CONTRADICTING WRITTEN CONTRACT.

Defendant's husband executed a mortgage of his farm to plaintiff's testator. It was orally agreed that the mortgagee would require only such produce as they could spare from the farm as payment of interest. Held, that evidence of this agreement was not objectionable as contradicting the terms of the mortgage, since there was no dispute as to its terms, but that it was admissible in connection with evidence that it was agreed that on the death of the mortgagee the mortgage should be given to defendant, and that it was taken for a large amount so that its transfer to her would be substantially a transfer to her of the farm itself.

3. SAME—ADMISSION AGAINST INTEREST.

On the trial of an issue between plaintiff and defendant as to which was entitled to a mortgage given by defendant's husband to plaintiff's testator, in which the mortgagor had been a witness, it was not error to exclude evidence of declarations which the witness had previously made against his own interest, since his declarations were not evidence against his wife.

4. SAME—IMPEACHMENT.

Where a husband is examined as a witness for his wife in an action between her and another party, he cannot be impeached by evidence of statements contradicting his evidence, previously made, unless his attention was called to such statements.

5. APPEAL AND ERROR—COSTS—JUDGMENT—EXECUTOR.

Where a judgment recites that the costs of a first appeal have been taxed against the plaintiff in an action brought as executor to foreclose

a mortgage, and there is no direction therein that the executor pay or is liable for costs to the defendants, or provision for the collection or payment of the judgment, the question whether the costs were properly taxed, or whether the executor should be required to pay the costs, is not presented by appeal from such judgment.

Appeal from judgment on report of referee.

Action by De Witt C. Bouton, as executor of the will of Gershon Hanford, deceased, against William Welch and Alice Welch. From a judgment in favor of defendant Alice Welch, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

M. N. Tompkins, for appellant.

George B. Davis, for respondent, Alice Welch.

PARKER, P. J. That the contract under which this mortgage was given was such as it is claimed to have been by the defendants, and that the defendant Alice Welch thereby acquired the right to have it assigned to her upon the death of the mortgagee, was settled by this court when the case was before us on the former appeal. The facts in the record now before us are substantially as they appeared to be in the former one, and are fully stated in the opinion appearing in 48 App. Div. 378, 63 N. Y. Supp. 80. The success of the present appeal, therefore, must depend upon whether error appears in the exceptions taken upon the trial. The first and principal one urged is that the evidence of the husband, William Welch, was not admissible under section 829 of the Code. As the case now stands, the defendant William Welch is in the position of a defendant in default. His answer has been withdrawn, and judgment of foreclosure and sale may at any time be entered against him. The defendant Alice Welch has, in her answer, set up the equitable defense that she is entitled to a specific performance of the agreement that the mortgage be assigned to her upon the death of the plaintiff's testator; and she prays, substantially, for a judgment directing such an assignment, adjudging her to be the owner of the mortgage, and that it be foreclosed, and a sale of the premises had for her benefit. It was the issues raised by such answer that have been tried in this action. So far as those issues were between her and this plaintiff, the husband had no interest in the event thereof; so far as they were issues between her and the husband, he was not testifying in his own behalf or interest. The fact that the witness is a party to the record is no longer controlling. Whitehead v. Smith, 81 N. Y. 151. And a witness whose interest in the result is adverse to that of the party calling him does not testify "in his own behalf or interest." Carpenter v. Soule, 88 N. Y. 251, 257; Bank v. McCarty, 149 N. Y. 71, 84, 43 N. E. 427. An interest in the question is not enough to disqualify, as that is not an interest in the event. Id. See, also, Eisenlord v. Clum, 126 N. Y. 556, 27 N. E. 1024, 12 L. R. A. 836. Such exception, therefore, is not well taken.

A further exception was taken that the evidence of the husband, William Welch, that the deceased said he would require only such

produce as they could spare from the farm as payment of interest contradicts the terms of the mortgage. I think not. Such evidence is not directed to the question as to what were the terms of the mortgage as agreed upon by the parties. It is not disputed but that they were agreed upon as written therein. But it was stated as a fact bearing upon the further agreement claimed to have been made by the mortgagee that upon his death the mortgage should be given to Welch's wife, and that it was given for a large amount so that its transfer to her would be substantially a transfer to her of the farm itself. Considering the bearing which it had upon the case, and the purpose for which it was given, I do not consider it as an attempt to contradict at all the terms of the mortgage.

Nor was the exclusion of the husband's statements to the witness Bates harmful error. They were not admissible as declarations of Welch against himself, because upon the issue being tried Welch had no interest, and could not be considered a party thereto. He was testifying merely as a witness for Alice upon a separate issue between her and this plaintiff, an issue as separate and distinct from his interests as if she had brought a separate action to enforce against this plaintiff, as executor, the claim which she has set up here. As such a witness, Welch's declarations were not evidence against Alice Welch. So far as his declarations contradicted the evidence which he gave as her witness and in her favor, they could be proven after his attention had been properly called to them. In this instance his attention had not been called to the precise statement to which Bates was asked to testify. Therefore no error was made in excluding it.

I have examined the other exceptions taken upon the trial, and do not find any that show any reversible error.

The appellant further claims that an error has been committed in taxing costs of the former appeal against the executor. An examination of the judgment as it appears in the record before us shows that there is no direction therein that the executor pay, or is liable for, any costs whatever to the defendants, or either of them. It is recited therein that the costs of the action on appeal have been taxed against the plaintiff at $163, but no provision is made in this judgment for its collection or payment. Hence the question whether it was properly so taxed, or whether the executor should be required to pay the same, is not presented by an appeal from such judgment. Whatever was the meaning and force of the provision as to costs in the order made by this court on the former appeal cannot be presented in this form.

The judgment appealed from must be affirmed, without costs. All concur.