(39 Misc. Rep. 538.)

FORBES v. WHEELER.

(City Court of New York, General Term.　December, 1902.)

1. ACCOUNT STATED—EVIDENCE.

> Evidence that a creditor stated in the presence of his debtor that they had settled their differences, and that the debtor had agreed to assign a claim which he held against a third party for $1,670, and that the debtor said nothing, establishes an account stated between the parties for $1,670.

2. PAYMENT—PLEADING.

> Payment is an affirmative defense, which must be pleaded.

Appeal from trial term.

Action by George Forbes against Alice L. M. Wheeler, administratrix of George A. Wheeler.　From a judgment by the justice in favor of plaintiff, defendant appeals.　Affirmed.

Argued before CONLAN, SEABURY, and McCARTHY, JJ.

Purdy, Squire & Rowe (James W. Purdy, Jr., of counsel), for appellant.

Leslie & Minor (H. K. Coddington and Warren Leslie, of counsel), for respondent.

SEABURY, J.　This is an appeal from a judgment entered in favor of the plaintiff on the decision of the trial justice, before whom the case was tried without a jury.　The action was upon an account stated, and the contention of the defendant is that the evidence did not prove the existence of such an account.　The complaint alleges that during the life of George A. Wheeler the plaintiff loaned and advanced to him various sums of money, and that Wheeler made several payments on account of the sums so advanced, and that an account was stated between the plaintiff and Wheeler, and that upon said statement a balance of $1,670.50 was found to be due to the plaintiff from Wheeler.　The complaint also alleges the promise of Wheeler to pay this sum, his death, and the granting of letters of administration to the defendant.　A witness called on behalf of the plaintiff testified that he was present in a room where Wheeler and the plaintiff were holding a conversation; that he could not hear the conversation, but that at its termination the plaintiff called to him, and in the presence of Wheeler stated that he and Mr. Wheeler had settled their differences; that he had a paper in his hand, and added, "Mr. Wheeler is to send me an assignment for that amount," which amount the witness testified was $1,670.　The paper which the plaintiff had in his hand during this conversation was an assignment by Wheeler to the plaintiff of a claim which he had against the city of New York for $1,670.　This was the only evidence offered, and upon this evidence the trial justice found for the plaintiff.　It is to be noted that the evidence in support of the plaintiff's claim was that a statement had been made in the presence of Wheeler that he had settled his differences with the plaintiff, and that he would send him an assignment for the sum of $1,670.　The counsel for the appellant argues that the evidence shows merely that Wheeler promised, not to pay the debt of the plaintiff, but merely that

he would give the plaintiff an assignment of a claim which he had against the city, amounting to $1,670. In order, however, to constitute an account stated, it is not essential that there should be a direct promise to pay the debt. If there is a balance admitted to be due, the law implies a promise to pay it. In order to constitute an account stated, there must be either an express or implied admission of a balance due from one party to the other. From this admission of the balance due the law implies a promise to pay. It is not necessary that the agreement be in writing, but there must be such an assent as can reasonably be implied from the existing circumstances. Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 51 N. E. 986; Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780. As was said in the case of Eames Vacuum Brake Co., supra:

"Their minds must meet in making the agreement, the same as in other agreements. It need not be by direct and express assent, but such assent may be implied from the circumstances. If one party presents his account to the other, and the latter makes no objection, it may be inferred that he is satisfied with and assents to it as correct."

The very statement of the account and admission of the balance implies a promise in law to pay it. It has been held that a bond or mortgage or a promissory note given on a settlement of account is prima facie evidence of the amount due. De Mott v. Benson, 4 Edw. Ch. 297; Dutcher v. Porter, 63 Barb. 15; Treadwell's Ex'rs v. Abrams, 15 How. Prac. 219; Sherman v. McIntyre, 7 Hun, 592. In the case at bar the statement was made in the presence of the debtor that there had been a settlement of their differences and that the debtor had agreed to give him an assignment of a claim which he had against the city for $1,670. These facts, in our judgment, are sufficient to establish an implied assent by the debtor that $1,670 was the amount of his indebtedness to the plaintiff. The debtor having assented to the amount, the law implies a promise upon his part to pay this sum.

Payment, being an affirmative defense, must be specially pleaded to be available, and the pleadings in this case do not set up the plea of payment. It was not competent to prove payment under the pleadings as drawn. The defendant admits this rule, but relies upon the contention that, as Wheeler had carried out his agreement, and given the promised assignment, the court cannot assume that Wheeler did not pay what he agreed to pay. We do not think that this view of the case is tenable. The account stated exists not by virtue of the promise of Wheeler to pay the debt, but by reason of the implied promise which the law presumes from his admission as to the amount of his indebtedness. If the debt stated to be due was paid, the defendant should have pleaded payment, and offered proof of payment upon the trial. In the absence of such a plea the court would not have been justified in assuming that Wheeler paid the debt. The account stated having been sufficiently proved, and there being no evidence of payment, the decision of the trial justice must be affirmed. Judgment is affirmed, with costs.

Judgment affirmed, with costs. All concur.