# W. Fowler & Co. *v.* Bellenger.

*Bill to Enforce Equitable Set Off Against a Judgment at Law.*

(Decided February 12, 1914.  Rehearing denied June 4, 1914.
65 South. 389.)

*Judgment; Equitable Set-Off; Burden of Proof.*—While a note is not conclusive in itself, it evidences prima facie an accounting and settlement between the parties, and that the maker is indebted to the payee in the amount thereof; hence, many years after judgment, the lapse of time necessarily having obscured the truth, the burden was upon the maker of the note to make out a clear case for equitable relief from a judgment rendered thereon.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by W. Fowler & Company against W. C. Bellenger to enforce an equitable set-off against a judgment. From a decree for respondent, Lay who was one of the partners, and the real party complainant, appeals. Affirmed.

HOOD & MURPHREE, for appellant.  The use by Fowler of the partnership funds to pay an individual matter without the consent of his partner was a misuse of the partnership funds and the check given in settlement was subject to an equitable set-off against the judgment recovered against the partnership.—*Cannon v. Lindsey,* 85 Ala. 201.  Bellenger Brothers admit receipt of the check, and hence, the burden is shifted to them to show the application made of the funds derived from the check.

AMOS E. GOODHUE, for appellee.  Prima facie there was a settlement between the parties of all matters of

debit and credit when the note or due bill was executed on which the judgment rests.—*Mills v. Grogan,* 22 Ala. 669; 6 Mass. 358; 102 Mich. 126; 1 Cyc. 397. The burden being on complainant after the lapse of a long time to show the truth of the transaction, and the evidence being anything but clear and satisfactory, the court entered the proper decree.

SAYRE, J.—This bill was properly filed in the name of W. Fowler & Co., though W. P. Lay, who was a partner in that firm, was the real party complainant, and now prosecutes this appeal. The bill sought an equitable set-off against a judgment at law. With one exception, which relates to a question which has arisen out of the proof and will be now considered, the law of this case was settled on a former appeal.—140 Ala. 240, 37 South. 225.

Complainant (appellant) based his claim on the undisputed fact that in the fall of 1890 defendant had received from his (complainant's) firm a check for $577.75, which had been duly paid on presentation to the drawee. His contention was and is that this check was an advance upon the purchase price of a lot of cotton which his firm had agreed to buy from defendant, but which was never delivered, the parties having subsequently agreed that defendant should not deliver the cotton, but should sell it on the market for account of complainant, and complainant having failed to return the money received from the check as by the implication of the novated contract he should have done then or later. Defendant, on the other hand, contended that appellant's firm had never at any time advanced $577.75 or any other amount on cotton purchased by them, and that the check had nothing to do with the contract mentioned, but was received from Fowler, who

was then a partner of complainant's in the cotton business, in payment for money borrowed and for cotton which he (Fowler) had bought the year before. The case was disposed of in the court below on the theory that, the evidence being pretty equally balanced, appellant had failed to sustain the burden of proving his equity; and appellant now insists that the burden of proof was mislocated to his detriment. If we agreed that on the facts so far stated, without more, the appellant should have had a decree, yet there was another fact, it, too, undisputed, though variously explained by the parties, as to which the burden was on complainant, and which is sufficient to determine the result in this cause. Some six or seven months after the date of the check above mentioned appellant's firm execut-. ed their promissory note to appellee for $518.20. This was the note on which was founded the judgment against which complainant sought to establish an equitable set-off. Defendant (appellee) testified that this note was for the price of cotton sold at the time to complainant's firm through Fowler. Complainant's witness Fowler deposed that the note was given for money borrowed at the time and to cover a loss suffered on the cotton which defendant had previously sold for account of complainant, and nothing else, saying that he had forgotton for the time that defendant was indebted to his firm on account of the money received from the check for $577.75. There was nothing conclusive in the note, and it was open to complainant to show that it was intended to cover only the matters which the witness Fowler said it covered. But prima facie it evidenced an accounting and settlement of all demands between the parties, and that the maker was indebted to the payee upon such settlement to the amount of the note.—*Mills v. Geron,* 22 Ala. 669; *Lake v. Tyson,* 6 N. Y. 462; *Davis*

[Newell v. Bradford.]

*v. Gallagher,* 55 Hun. 595, 9 N. Y. Supp. 11; *Mayberry v. Berkery,* 102 Mich. 132, 60 N. W. 699. The lapse of years has necessarily obscured the truth, added to the force of the presumption against complainant, and put upon him the burden of making out a clear case for equitable interference.—*Stearns v. Page,* 7 How. 829, 12 L. Ed. 928. There were in evidence other depositions and some circumstantial facts pro and con. After due consideration of the case in all its aspects, and without impugning the motives of either party, for it is a case in which either may be in error in his recollection of the facts, we have reached the conclusion that the trial judge properly disposed of the case.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.