## MONTGOMERY COUNTY COURT.

James H. Pettit, appellant, agt. Joshua Geesler, respondent.

*Evidence — Parties — when cannot be examined as a witness " concerning a personal transaction or communication between the witness and the deceased person" — Code of Civil Procedure, section 829.*

In an action for goods sold and delivered, where the defense was payment, the plaintiff being the survivor of the firm, the defendant cannot be allowed to testify over plaintiff's objections that he paid the bill in question to the deceased partner (*Code of Civil Procedure, sec.* 829).

And this, although the plaintiff, after testifying in his own behalf to the sale and delivery of the goods, also testified, without objection, that no part of the bill had ever been paid.

*October,* 1879.

*J. D. & F. F. Wendell,* for appellant.

*D. S. Morrell,* for respondent.

Z. S. Westbrook, *County Judge.* — This is an appeal taken by the plaintiff from a judgment rendered in justices' court, in favor of the defendant, on the verdict of a jury. Action to recover for a bill of goods sold ; defense, payment.

The plaintiff is the survivor of the firm of Pettit Bros., formerly engaged in business as druggists at Fort Plain, which was composed of this plaintiff and Benson Pettit, deceased.

The firm of Pettit Bros. sold the defendant a bill of goods in June, 1874. This sale is undisputed in the case, and the defense is payment. The plaintiff is the owner of the bill and is survivor of the firm.

Upon the trial the justice allowed the defendant to testify over plaintiff's objections, duly made, that he paid the bill in question to the deceased partner, Benson Pettit, in the fall of 1874.

The appellant urges that this evidence was not competent under section 829 of the Code of Civil Procedure.

The plaintiff stands in the character of both *assignee* and *survivor*, and I think the evidence is clearly within the letter and spirit of the prohibition of the section of the statute referred to.

The court of appeals repeatedly held such evidence inadmissible under section 399 of the old Code ; and section 829 of the Code of Civil procedure, which was intended as a substitute for it, is still more comprehensive in its prohibition than that section of the old Code.

The learned counsel for the respondent contends that if this evidence comes within the prohibition of said section 829 of the Code, yet it is admissible because the plaintiff testified in the case that the bill had not been paid.

. The plaintiff, after testifying in his own behalf to the sale and delivery of the goods, also testified, without objection, that no part of the bill had ever been paid.

This latter evidence was entirely unnecessary to establish plaintiff's case, as payment was an affirmative defense.

Upon proof of the sale and delivery of the goods the presumption arose that the price was due and unpaid, and remained until the defendant established otherwise.

The defendant testified that at the time he paid the bill to Benson Pettit no one else was present, and plaintiff does not pretend he was present or knows any thing about the transaction. On the other hand the plaintiff testified that at the time of the alleged payment Benson was not in the state.

Section 829 of the Code of Civil Procedure, referred to, provides that a party cannot be examined as a witness " concerning a personal transaction or communication between the witness and the deceased person," except where the  \*  \*  \* executor  \*  \*  \* or survivor  \*  \*  \* is examined in his own behalf  \*  \*  \* " concerning *the same transaction or communication.*"

That is, concerning the particular transaction in regard to

which the executor or survivor testified, which, in this case, is the payment by defendant to Benson Pettit. What construction must be put upon the testimony of the plaintiff that no part of the bill had ever been paid? He could only testify as to his own knowledge. He could not testify to what did or did not occur between the defendant and deceased at the time alleged. It would be incompetent evidence, and he could not be convicted of perjury for testifying falsely concerning it. All the effect that can be given to that evidence is that the bill had not been paid to plaintiff, or to his knowledge. The plaintiff did not testify, or attempt to testify, in relation to the payment of the bill by the defendant to the deceased, which is *the particular transaction* in question.

He was not present and knew nothing about it, and claims that the deceased was away at that time. I think the justice erred in receiving the evidence of payment referred to, and, therefore, the judgment must be reversed.

Judgment accordingly reversed, with costs.