New York County.—Hon. D. G. ROLLINS, Surrogate.—November, 1884.

Shepard *v.* Patterson.

*In the matter of the estate of* John Shepard, *deceased.*

An executor cannot be allowed for advances made by him, without authority from the court, to infant *cestuis que trustent*, out of the earnings of a fund directed by the will to be accumulated for their benefit until the termination of their minority.

Upon the judicial settlement of an executor's account, it appearing that he had failed to comply with directions contained in the will, requiring the income of certain trust funds to be deposited "in some good savings bank," or devoted to some other safe investment, during the respective minorities of the beneficiaries; in the absence of evidence that he had been guilty of intentional wrong, or reaped any personal advantage from the management of the trusts,—

*Held,* that he must be treated as if he had pursued the course prescribed by the will, and be charged with interest, compounded semiannually, at the rate of five per cent., upon all sums received, from the expiration of three months after the receipt to the date of the filing of the account, and at the rate of three per cent. thereafter, until the entry of the decree of settlement.

Where, upon the settlement of the account of a deceased executor, the accounting party was permitted to testify respecting an agreement between the former and the beneficiaries, by which a retention of commissions at the rate of five per cent. was claimed to have been authorized,—

*Held,* that, under Code Civ. Pro., § 829, it was error thereafter to refuse to allow the examination of one of the objectors, as a witness in his own behalf, in reference to the same subject.

HEARING of exceptions to report of referee, to whom were referred the account, and objections thereto, of Jacob M. Patterson, Jr., as executor of the will of Jacob M. Patterson, deceased executor of decedent's will. The facts are stated in the opinion.

HENRY C. BOTTY, *for executor.*

EDWIN R. ROOT, *for James G. Shepard.*

FREEMAN & GREEN, *for Geo. W. Shepard and others, objectors.*

DONALD MCLEAN, *special guardian.*

THE SURROGATE.—By exceptions filed to the referee's report herein, several questions are presented for my determination.

1st. I must disallow the claim, made in behalf of the deceased executor, for advances on account of the

·infants Malnette F. Seaman and Clara E. Shepard. The testator directed, by one of the provisions in his will, that the income of a certain portion of his estate, ordered to be invested for these infants' benefit, should be accumulated until they should respectively come of age.   However praiseworthy may have been the executor's motives in advancing moneys for the use of these minors during their minority, he cannot be credited therefor upon this accounting.   Such advances were made without authority of law.

2d. The will directs that the income of the share of these infants in the testator's estate, as well as the income of the share of Jessie Allen, should be deposited "in some good savings bank," or devoted to some other safe investment during their respective minorities, and that the accumulations thereon, together with the income itself, should be paid over to them upon their severally attaining their majorities.   It is not claimed that the executor made investments in accordance with these instructions.   He is charged in the account, as filed, with interest upon all sums received by him on behalf of the infants, from the dates when the same, respectively, came to his hands, until August 1st, 1883.   The referee has reported that interest is also chargeable up to December 15th, 1883, the date at or about which this account was placed on file.   It is clear that the testator's directions, respecting the disposition of the income in question, should have been obeyed, and that such income should have been deposited in some good savings bank, if, as seems to have been the case, no more desirable investment were attainable.   Under all the circumstances, as the

executor does not seem to have been guilty of intentional wrong, or to have reaped any personal advantage from the management of this trust, he must be treated precisely as if he had actually pursued the course which he was directed to follow.  He must, therefore, be charged with interest, compounded semiannually, at the rate of five per cent., upon all sums received on account of the infants, from a reasonable time—say three months—after such sums came to his hands, until the date of the filing of this account.    Since that date, the party accounting may fairly enough have deemed it advisable to have the funds as accessible as they would be in the hands of a trust company, so as to permit their prompt transfer to the continuing executor.  From December 15th, 1883, to the time of the entry of the decree judicially settling and determining this account, therefore, I shall allow interest at the rate of three per cent. only.

*3rd.*  Upon the evidence now before me, I cannot determine whether the commissions, withheld from the moneys paid to the adult beneficiaries, should be allowed in full upon this accounting.  The accounting party himself was permitted to testify respecting an agreement alleged to have been made between the deceased executor and the parties in interest, whereby a retention of five per cent. commissions was claimed to have been authorized.   To controvert this evidence, and to show that the question of the legality of such retention was understood to be reserved for the Surrogate's determination, one of the contestants was offered as a witness.   His testimony was rejected, and improperly rejected, as it seems to

me, in view of the fact that the accounting party had himself been examined on the same subject (Code Civ. Pro., § 829). As to this matter, therefore, I must again submit the case to a reference for further inquiry.

With such modifications as are above indicated, the report of the referee is confirmed.