VANDERVEER *v.* VANDERVEER *et al.*

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

Under Code Civil Proc. N. Y. § 829, providing that a party to an action against the personal representatives of a deceased person shall be incompetent to testify as to any personal transaction or communication had with deceased, evidence by plaintiff that certain clothing and money furnished him by defendant's intestate was on account of wages due him by deceased, and that deceased so stated, is incompetent, even upon redirect examination, after plaintiff has been asked, on cross-examination, if he had not received such clothing and money, and after checks given plaintiff by deceased, and indorsed by plaintiff, have been introduced in evidence by defendants.

Appeal from circuit court, Kings county; WILLARD BARTLETT, Justice.

Action by John E. Vanderveer against William Vanderveer, and James Doyle, administrators of Lucy Vanderveer, for work and labor performed by plaintiff for defendant's intestate. Judgment for plaintiff, and defendants appealed. Code Civil Proc. N. Y. § 829, provides that a party to an action or one interested in the event thereof, shall not testify against the heirs, executors, etc., of a deceased person as to a personal transaction or communication between witness and the deceased person. The questions referred to in the opinion as asked plaintiff were asked him on redirect examination after the clothing and money mentioned had been inquired about on cross-examination. Two checks had been admitted in evidence, given by defendant's in-

testate to plaintiff, with his indorsement thereon, before plaintiff testified regarding the clothing and money.

*Morris & Pearsall*, for appellants.   *T. C. Cronin* for respondent.

DYKMAN, J.   This is an appeal from a judgment in favor of the plaintiff after a trial at the circuit against the executors of his deceased mother.   Without an examination of the merits, a new trial must be ordered on account of erroneous admission of testimony on the trial.   During the examination of the plaintiff as a witness in his own behalf he was asked the following questions: "At the time that these articles of clothing were furnished to you, did your mother tell you what they were to be applied on?   What did she state she was owing you for, and what was said about the clothing?   What did she say?   Did you make any requests of your mother for the clothes?   Do you mean to say that she told you to get this clothing on account of the wages due to you, that she said just these words?   Did she also pay you any money during your services?"   Objections were interposed by the counsel to all these questions on the ground that they called for communications with the deceased, which were all overruled, and exceptions were taken to all such rulings.   The answers to the questions disclosed transactions and communications with the deceased, and is a plain case of a violation of section 829 of the Code.   Neither do we think that the introduction in evidence of the two checks of the deceased woman to the plaintiff justified the admission of the testimony.   The judgment and order denying the motion for a new trial should be reversed, and a new trial should be granted, with costs to abide the event.