Landon, J.
The referee found that for several years prior to August 24, 1885, Edward Smith, the defendants’ testator, occupied a room in the plaintiff’s house, at a rent of $10 per month; that from August 24, 1885, until July 21, 1886, the day of his death, the testator was sick in the plaintiff’s house, with a cancer; that during every day of that time the plaintiff, upon the testator’s request and promise of payment, rendered him services in attendance upon his person, care of his room, washing his bed-clothing and underwear, etc. The referee found that the testator paid the plaintiff in full for her personal services and rent up to July 1, 1886. He allowed her $25 per week for her services for the three weeks from that time until his death, in addition to $10 per month rent for his room, and $10 for a room occupied by his brother, one of the defendants.
The main question presented by this appeal respects the admissibility of evidence on the part of the plaintiff touching the question of payment. On the 1st day of July, 1886, the testator paid the plaintiff $45. At that time $20 were due for rent, and the referee, as we learn from his opinion, and from *106 his responses to requests to find, in which he refers to his opinion, regarded the payment of $25 additional as payment in full for the plaintiff’s services up to that date. The defendant Charles H. Smith, one of the executors, testified upon the trial to the effect that on the 1st day of July, 1886, the testator' placed $45 in his vest pocket, and handed his pocket-book, containing other money, to the witness; that soon thereafter, while the witness was in an adjoining room, he saw the plaintiff enter the testator’s room, and after first sitting upon a lounge within a few feet of the bed upon which the testator was lying, go .up to his bed, which was in a recess out of the defendant’s sight. This testimony, in connection with that respecting a conversation which he subsequently had with the plaintiff, tended to show that the testator then paid the plaintiff the $45. The plaintiff thereupon, as a witness in her own behalf, testified respecting her interview upon the occasion referred to by the defendant to the effect that the testator did then hand her $45, and at the same time said: “ Here is some money for rent, and you m ust need a little besides. I am very sick; don’t leave me. I don’t want any man to nurse me.” Upon defendants’ motion the sentence,. “I am very sick; don’t leave me. I don’t want any man to nurse me,” was stricken out. This was not error, for the reason that the defendant was not examined, and did not give evidence concerning a transaction or communication between the testator and ■ the plaintiff. He only testified to the fact that the plaintiff went to the bedside of the testator, from which an inference was deducible that a transaction or communication might have taken place. The plaintiff, under section 829, Code Civil Proe., was therefore competent to speak to the same matters of which the defendant had spoken, namely, whether she went to his bedside or not. He confined his testimony to evidentiary facts,—of the fact of a transaction or communication,—and it is plain that the plaintiff would have had as large a field for her testimony as the defendant had taken, if she had been confined to the same evidentiary facts. He testified to no communication or transaction between them, and only to an opportunity for one. The plaintiff, therefore, could testify to every fact of which the defendant had spoken, and also to the fact of the occurrence or non-occurrence of the interview, but had no right to testify to the details of the transaction and communication between herself and the testator, of which the defendant had not spoken. The plaintiff cites Lewis v. Merritt, 98 N. Y. 206. We do not think it supports her contention.
Other exceptions urged by the plaintiff touching the exclusion of testimony offered to show the request of the testator for plaintiff’s services, and his promise to pay for them liberally, are immaterial, in view of the finding of the referee in favor of the plaintiff upon that part of the case, and of his finding of payment.
A witness named Woodruff testified that after the 1st of July the plaintiff told him she only had a claim against the testator from July 1st; that he had settled with her up to that time. An attempt was made to impeach the character of this witness, but the referee, in view of the $45 payment, and other circumstances, as well as of the evidence sustaining his character, believed him. It was peculiarly a case for the trial court, and, as we find no error of law, we affirm the judgment, with costs.
Learned, P. J., and Ingalls, J., concur.