CLEANTHUS S. WILCOX, AS ADMINISTRATOR OF RUAMA WILCOX, DECEASED, RESPONDENT, *v.* SUSAN M. CORWIN AND GILBERT L. NOBLE, AS EXECUTORS OF JAMES CORWIN, DECEASED, APPELLANTS, IMPLEADED WITH MELVIN J. WHEELER.

*When one of the makers of a promissory note may be examined as to personal transactions with a deceased person in an action to which his executors are parties — Code of Civil Procedure, sec. 829.*

In an action on a promissory note for $400, made by James Corwin, deceased, and Melvin J. Wheeler, the executors of James Corwin denied the execution of the note by their testator, and upon the trial introduced testimony for the purpose of showing that the signature of Corwin to the promissory note was a forgery. Upon the trial the defendant Wheeler, one of the makers of the note, was called as a witness by the plaintiff, and his testimony was received, against the objection and exception of the executors, who claimed that it was incompetent, under the provisions contained in section 829 of the Code of Civil Procedure, prohibiting the examination of a party to an action as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executors of a deceased person, concerning a personal transaction or communication between the witness and the deceased person.

*Held,* that the evidence was properly admitted.

That Wheeler, though a party to the action, was not a person interested in the event of the suit further than to defeat a recovery on the part of the plaintiff.

That he was not examined as a witness in his own behalf or interest, but was called by the plaintiff.

That he was not examined as a witness in behalf of the party who succeeded to his title or interest, because, in the sense of these terms, as used in that section, he never had any title or interest in the note in question, as he was one of the makers of the note, which had no inception until it was delivered to the payee and the money was received thereon from her.

After the plaintiff had rested the defendant Susan M. Corwin and her son, Benjamin Corwin, were called as witnesses in behalf of the defendants and gave testimony respecting a conversation between James Corwin and the plaintiff, in which Corwin had repudiated the note in question and declaring that he never signed it. The plaintiff was then called as a witness and gave his version of the conversation to which they had testified.

*Held,* that while the admission of the testimony would have been erroneous before the examination of the executrix and her son, their examination rendered the testimony competent within the exception contained in section 829 of the Code of Civil Procedure.

APPEAL by the executors of James Corwin from a judgment, entered in this action in the clerk's office of the county of Orange, in favor of the plaintiff, on June 30, 1888, after a trial at the Orange county circuit, and from an order denying a motion for a new trial made on the minutes of the justice presiding at the trial.

*Gilbert O. Hulse*, for the appellants.

*W. F. O'Neill*, for the respondent.

DYKMAN, J.:

This is an action on a promissory note for $400, made by James Corwin, deceased, and Melvin J. Wheeler. The executors of James Corwin made an answer to the complaint, in which they denied the execution of the note by the testator, and upon the trial they introduced testimony for the purpose of showing that the signature of Corwin to the promissory note was a forgery, so that the question of forgery became the sole issue upon the trial. The jury rendered a verdict for the plaintiff, upon which a judgment was entered, from which the executors have appealed. They have also appealed from the order denying the motion for a new trial on the minutes.

The question of fact litigated upon the trial must be considered as settled by the verdict of the jury on the contradictory testimony produced upon the trial. The question presented here has reference to the testimony offered by the plaintiff in the course of the trial. The defendant Wheeler, one of the makers of the note, was called as a witness by the plaintiff, and his testimony was objected to by the executors as being incompetent under section 829 of the Code of Civil Procedure. The objection was overruled and the defendant took an exception to such ruling. A motion was also made to strike out his testimony at the close of the plaintiff's case, which was also denied.

It is the claim of the appellant that the testimony of Wheeler was incompetent under the provision of section 829 of the Code of Civil Procedure, which, so far as it has application to this case, is as follows: A party to an action "shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or sur-

vivor of a deceased person   \*   \*   \*   concerning a personal transaction or communication between the witness and the deceased person." We fail to see how the testimony of the witness Wheeler fell under the inhibition of this section. He was a party to the action but he was not a person interested in the event of the suit, further than to defeat a recovery on the part of the plaintiff, and he was not examined as a witness in his own behalf or interest, or in behalf of the parties succeeding to his title or interest, but he was called by the executor of the deceased person ; neither can it be said that he was examined as a witness in behalf of a party who succeeded to his title or interest, because in the sense of those terms, within that section, he never had any title or interest to the note in question. He was one of the makers of the note which had no inception until it was delivered to the payee and the money received thereon from her. She then acquired a title to the note and an interest in it, and she and the plaintiff are the only persons who ever had any title or interest in the note in the legal application and intention of those terms.

The decision in the case of *Church* v. *Howard* (79 N. Y., 415) has no relevancy. In that case the defendant Fargo, who was the maker of the note, was permitted to testify, against the objection of the plaintiff, respecting personal transactions between himself and the intestate. The maker of the note there was called as a witness by the defendant, and testified against the objection of the plaintiff ; whereas, in this case, the co-maker was called as a witness by the plaintiff.

Another exception on the part of the appellant relates to the testimony of conversations between the plaintiff and Corwin, in his lifetime, in repect to the note in controversy. After the plaintiff had rested the defendant Susan M. Corwin, and her son, Benjamin Corwin, were called as witnesses in behalf of the defendant to give testimony respecting a conversation between James Corwin and the plaintiff, in which Corwin had repudiated the note in question, and declared that he never signed it. The plaintiff was then called as a witness, and gave his version of the conversation with the defendant and her son, to which they had testified. While the admission of such testimony would have been erroneous before the examination of the administratrix and her son, yet their examination

rendered their testimony competent within the exception contained in section 829 of the Code. Under the provisions of that section testimony of a party or person interested in the event of an action cannot be received in his own behalf, or in behalf of a party succeeding to his interest, against the executor of a deceased person, except where the executor or administrator is examined in his own behalf; and so the examination of an executor or administrator in his own behalf upon the trial has always been construed as a waiver of the inhibition imposed by the former part of that section of the Code. We conclude, therefore, that the testimony of Wheeler was competent, in the first instance, and that the allowance of the testimony of the plaintiff, after the examination of the executrix, Mrs. Corwin, was also competent and presents no error.

The judgment and order denying a new trial should, therefore, be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.