EGAN *v.* POWERS.

*(Supreme Court, General Term, Third Department.* February 7, 1889.)

1. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.
    Under Code Civil Proc. N. Y. § 829, rendering a party to an action against an administrator incompetent to testify as to a personal transaction had with the intestate, unless the administrator testifies in his own behalf concerning the same transaction, the testimony of an administrator, in an action against him for a debt, that his intestate showed him an acquittance in the handwriting of, and signed by, plaintiff, will not render the plaintiff competent to testify that he never gave the intestate such a paper.

2. SAME—HARMLESS ERROR.
    Though in such case the plaintiff may testify that he never wrote such a paper, the error in excluding his testimony is harmless, when he is afterwards allowed to testify that there never was such a paper signed by him.

3. POWERS—CONSTRUCTION—ATTORNEY IN FACT.
    Where such an action is based on money paid for the defendant's intestate, and for her indebtedness assumed by plaintiff, the latter is not prejudiced by the exclusion of a power of attorney, executed by intestate, authorizing plaintiff to collect rents and claims due intestate, and to pay any debts she might owe, as the presumption from such a power, in the absence of other proof, is that plaintiff paid intestate's debts only with money collected for her.

Appeal from special term, Rensselaer county.

Reference of a claim by Thomas Egan against John P. Powers, administrator, etc., of Mary Powers, deceased. The referee found for defendant, and the special term confirmed the report. From the order of confirmation, and the judgment entered on the report, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*King & Rhodes,* for appellant. *E. L. Fursman,* for respondent.

LANDON, J. The referee has found that the note which Mary Powers had given the plaintiff in 1878, and upon which he sought a recovery against her administrator in this action, was in her possession at the time of her death, as was also a writing signed by the plaintiff certifying "that Mary Powers is clear from all debts and demands from me." He also found that this note and acquittance were, with other papers of Mrs. Powers, left in the possession of the plaintiff from the date of Mrs. Powers' death until the appointment of the defendant as her administrator, and that the plaintiff failed to deliver them to the defendant; in other words, that he abstracted them, and now fraudulently renews a claim upon a satisfied note, and makes other claims which the abstracted acquittance would tend to defeat.

The finding of the referee is plainly within the evidence. The case is peculiarly one in which the conclusions of the tribunal before which the parties, in addition to their testimony, made profert of themselves and their charac-

ters, should receive great respect. The judgment in favor of the defendant must be affirmed, unless some erroneous ruling to the prejudice of the plaintiff was made by the referee.

The administrator testified that Mrs. Powers showed him the acquittance; that both the body and signature were in the handwriting of the plaintiff. The plaintiff was afterwards asked, when upon the stand, whether he ever gave Mrs. Powers such a paper. An objection, under section 829 of the Code, was sustained, and we think properly. The administrator had not testified to a transaction between the deceased and the plaintiff, but to the existence and custody of a paper in the handwriting of the plaintiff. He did not testify that the plaintiff had delivered it to the deceased. *Simmons* v. *Havens*, 101 N. Y. 428, 5 N. E. Rep. 73. The plaintiff was then asked: "Did you ever write such a paper as the one referred to?" The same objection was made and sustained. This was error, for the plaintiff had the right to negative the existence of such a paper, and thereby contradict the independent fact of its existence, which the administrator had affirmed; but this error was cured by the next question: "Was there a paper certifying that Mary Powers was clear from all debts and demands ever signed by you?" This the referee permitted to be answered, and the answer was, "No."

A certified transcript from the records of the county clerk of a power of attorney made by Mary Powers to the plaintiff in August, 1876, was read in evidence by the plaintiff, after various objections to its admissibility made by the defendant had been overruled. The plaintiff was asked by his counsel if he had the original. The defendant objected, under section 829, and the objection was sustained.

We think the referee might properly have permitted the question to be answered, within the case of *Simmons* v. *Havens, supra,* but we fail to see how the plaintiff was prejudiced by the ruling. The power of attorney authorized the plaintiff "to collect rents and claims due me, and to pay any and all claims I may owe." The plaintiff made a claim for interest, which he had paid for Mary Powers, and also for an alleged indebtedness due from her to Kennedy and Murphy, which the plaintiff had assumed and satisfied. The presumption arising from the power of attorney, which the plaintiff proved, is that, whatever claims against Mrs. Powers the plaintiff paid, he paid from the rents and claims in her favor which he collected. He was authorized to act for her, and not for himself, and with her property or means, but not with his own, and none of the evidence tends to show that the balance of the account respecting these transactions is in his favor. The judgment should be affirmed with costs.

INGALLS, J., concurs. LEARNED, P. J., not acting.