For concurring opinion of HARDIN, P. J., see 8 N. Y. Supp. 515.

### WESTON *et al.* v. REICH.

*(Supreme Court, General Term, Second Department.* December 10, 1889.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

> Under Code Civil Proc. N. Y. § 829, providing that a party shall not be examined as a witness in his own behalf concerning a personal transaction or communication between the witness and a deceased person, except where the testimony of the deceased person is given in evidence concerning the same transaction or communication, a cross-examination of the defendant concerning the meaning of statements contained in a letter written by him to one of the plaintiffs, who has since died, does not render defendant competent to testify to a conversation between him and the plaintiff preceding the writing of the letter, and which caused it to be written.

Appeal from judgment on report of referee.

Action by Abijah J. Weston and another against Lorenz Reich for lumber sold and delivered. Code Civil Proc. N. Y. § 829, provides: "A party * * * shall not be examined as a witness in his own behalf * * * concerning a personal transaction between him" and a person since deceased, "except where * * * the testimony of the * * * deceased is given in evidence concerning the same transaction or communication." From a judgment in plaintiff's favor, entered on the referee's report, defendant appeals. For former litigation between the same parties, see 1 N. Y. Supp. 412.

Argued before BARNARD, P. J., and DYKMAN and PRATT. JJ.

*Abram Kling*, for appellant. *F. P. Bellamy*, for respondents.

DYKMAN, J. This is an appeal by the defendant from a judgment in favor of the plaintiff upon the report of a referee appointed to hear and determine the action. The action was for lumber sold and delivered, and the defense set up was an agreement to take wine in payment for the lumber. The referee has found all the facts in favor of the plaintiff, and refused to find the facts desired by the defendant; and we find his report well sustained by the evidence and the circumstances surrounding the transaction.

James Weston, one of the original plaintiffs, died after the commencement of the action; and during the trial the counsel for the plaintiff offered in evidence a letter written by the defendant to James Weston in his life-time. The letter was received without objection. Upon his cross-examination the defendant was asked what he meant by certain statements in that letter, and then his counsel asked him this question: "*Question.* Did you have any talk with Mr. Weston preceding the letter, or with Bulmer subsequently, which caused you to write that letter?" The question was objected to as incompetent, and a violation of section 829 of the Code. The objection was sustained, and the counsel for the defendant excepted. The counsel for the defendant claims that ruling was erroneous, and requires a reversal of the judgment, but we cannot concur in that view. The counsel for the plaintiff had made no inquiry of the defendant respecting any transaction or communication be-

tween him and the deceased plaintiff, and no such testimony was called for by the question of the plaintiffs' counsel. He simply asked the defendant the meaning of certain expressions and statements in the letter, and thus called only for the operation of his own mind. We find no error in the record, and the judgment should be affirmed, with costs.