MITCHELL *v.* COCHRAN *et ux.*

*(Supreme Court, General Term, Third Department.* July 7, 1890.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

In an action by a surviving partner to foreclose a mortgage, plaintiff testified, with reference to an alleged payment of money in satisfaction of the mortgage, that the money was paid by defendant to the deceased partner, to be handed to him (plaintiff) for the purpose of buying goods for defendant; that the decedent gave him the money, and that he used it for the purpose indicated. *Held,* that such testimony related indirectly to a transaction between decedent and defendant, and that the testimony of defendant concerning such transaction was therefore not prohibited by Code Civil Proc. N. Y. § 829.

Appeal from judgment on report of referee.

Action by Patrick Mitchell, as sole surviving partner of the late firm of P. & J. Mitchell, against Robert J. Cochran and Clara, his wife, to foreclose a mortgage given by defendants to the firm for $260. The execution of the mortgage and bond accompanying it was not contested, but the answer alleged that it was given without consideration, and also payment. The referee found that there was no consideration for either bond or mortgage, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*L. L. Boyce,* for appellant.   *R. P. Anibal,* for respondents.

LANDON, J.   The principal question is as to the admissibility of the testimony of the defendant under section 829, Code Civil Proc.   The witnesses Hanley and Peck testified on behalf of the defendants to the effect that John Mitchell, one of the mortgagees and partners, of whom plaintiff is the survivor, and the defendant Robert Cochran had some conversation in October or November, 1876, about a mortgage, and that he saw Cochran pay John $60, and John then said he would send up a satisfaction in a few days; that that made them all square.   The plaintiff, the surviving partner, then testified in his own behalf that in October, 1876, the defendant asked him to go to Amsterdam, and get some coal and iron for him, and that he would give him the money for the purpose.   Speaking with reference to a few days later, the plaintiff continued thus: "He [the defendant] gave John $60 to hand to me, to go to Amsterdam and get coal and iron, and pay for it.   I was not at home.   When I came home John gave me the $60, and I went the next week and got the coal and iron."   The defendant Cochran, in his own behalf, the plaintiff's objection under section 829, Code Civil Proc., being overruled, then testified with respect to the transaction between him and John Mitchell, the deceased partner, as follows: "I came up to the bar and said to John Mitchell, 'Here is $60, balance of that $70 I borrowed of you, and this makes us all square.'   He said it did.   I spoke to him about the mortgage.   I told him I wanted that taken care of, and he said: 'I will send you a satisfaction in a few days.'   That is the only $60 I paid to John Mitchell in October, 1876.   Nothing was said about Pat [the plaintiff] taking that $60 and going to Amsterdam to get coal and iron.   He went after coal and iron in 1874.   I did not in 1876, nor at any other time, give John Mitchell $60, and request him to hand it to Pat to go to Amsterdam and get coal and iron."   The plaintiff's several motions to strike out the parts of this testimony relating to the personal transaction with John Mitchell were denied, and plaintiff duly excepted.

It is obvious that the plaintiff testified to what John told him the defendant handed him the $60 for.   He testified to the interview between John and himself, but not directly to the interview between John and the defendant.   If the defendant had chosen to object to the testimony, we perceive no ground upon which the referee could have admitted it.   But the defendant was not obliged to object.   If the plaintiff chose to give testimony which by

v.10N.Y.s.no.6—35

clear inference showed that the defendant gave John $60 for coal and iron, and not to satisfy the mortgage, then the plaintiff indirectly testified concerning the transaction between John and the defendant, and thus permitted the defendant to testify concerning the same. The plaintiff's testimony had no materiality except as it touched the transaction between John and the defendant, and the inference from it, if accepted by the referee, was fatal to the version of the transaction given by Hanley and Peck. It detailed a transaction between the deceased and the plaintiff which had its origin and character in the transaction between the deceased and the defendant. The testimony of plaintiff unfolded by indirection the latter transaction, and hence the defendant could directly testify respecting it. *Clift* v. *Moses*, 112 N. Y. 426, 20 N. E. Rep. 392.

The case is not without difficulty upon the facts. We are inclined to think that, when the mortgage was given, the defendant did owe the firm $60, and the mortgage was made for $260, in anticipation of further advances to the defendant, or to protect the defendant from other creditors. The evidence is quite satisfactory that the defendant paid the $60 to John Mitchell, and that the latter admitted satisfaction, and promised to give the proper evidence of it, but never did. It is reasonably clear that the plaintiff has confounded transactions prior to the mortgage and distinct from it with the transactions affecting the mortgage. That the defendant at one time offered to pay the plaintiff $160 to settle the mortgage is not disputed, but this probably was for the sake of peace, and not as a tender. We think the finding for the defendant accords with the justice of the case. Judgment affirmed, with costs. All concur.