## RITTENHOUSE *v.* CREVELING.

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

1. ACTION ON NOTE—PLEADING—EVIDENCE.
    In an action on a note by the payee against the maker, under an answer putting in issue the execution and delivery of the note, evidence that it was without consideration is inadmissible.

2. SAME—DECLARATIONS.
    A witness for plaintiff testified that at a time before any imputation of forgery of the note had been made plaintiff showed him such a note, and said it was the note of plaintiff's father, (the maker;) and plaintiff testified that the note shown by him to the witness was the note in suit. *Held*, that the testimony of such witness was not objectionable as proving a mere declaration of plaintiff, but was competent as tending to prove actual possession of the note by plaintiff.

3. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEASED.
    In an action on a note by the payee against the executor of the alleged maker, who was the father of plaintiff, the answer denied the execution and delivery of the note, and that there was any consideration therefor. The executor himself gave testimony to show that his testator did not execute the note; and another witness testified to interviews between plaintiff and his father, bearing on the same issue, and on the question of want of consideration. *Held*, under Code Civil Proc. N. Y. § 829, excluding testimony of a party in his own behalf against the executor, etc., of a deceased person, concerning a personal transaction or communication between the witness and the deceased person except where the executor, etc., is examined in his own behalf, etc., that while plaintiff was not incompetent as a witness for all purposes, defendant having testified, and while, to exclude any testimony by plaintiff, the objection thereto must specifically appear, plaintiff's

version of the interviews with his father, testified to by such other witness, was not admissible as against a general objection to a question which specifically called for the conversations that took place.[1]

Appeal from circuit court, Livingston county.

Action by La Fayette Rittenhouse against John Creveling, as executor of Alanson Rittenhouse, deceased, who was plaintiff's father. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury. Code Civil Proc. N. Y. § 829, provides: "Upon the trial of an action, or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through, or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness, in his own behalf or interest or in behalf of the party succeeding to his title or interest, against the executor, administrator, or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through, or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee, or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence, concerning the same transaction or communication."

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Charles J. Bissell*, for appellant. *F. C. Peek*, for respondent.

MACOMBER, J. As there was no motion for a new trial made either upon the minutes of the court or at special term upon a case and exceptions, no question can be made but that the issues were decided by the jury upon sufficient evidence, and that their conclusion upon the facts cannot be disturbed. There are, however, exceptions to the reception and rejection of the evidence, and to certain portions of the charge of the court to the jury, which are relied upon by counsel for appellant as sufficient to require a reversal of the judgment. The action is upon a promissory note alleged to have been made by the defendant's intestate, one Alanson Rittenhouse, August 10, 1882, payable two years thereafter to the plaintiff or bearer, with interest. The answer of the defendant put in issue the execution and delivery of the note to the plaintiff.

The first material objection made to the exclusion of evidence arises upon the offer of the defendant to prove that the note was without consideration. This was objected to upon the ground that it was inadmissible under the pleadings, and the court sustained the objection, to which ruling the defendant excepted. This ruling was, as the pleadings stood, clearly correct. The note itself by its language imported a consideration, and a mere general denial was not sufficient to admit proof of evidence defeating the presumption of law arising from a production in evidence of the note itself. Such was the rule held in *Eldridge* v. *Mather*, 2 N. Y. 157; also *Dubois* v. *Hermance*, 56 N. Y. 673; *Springer* v. *Dwyer*, 50 N. Y. 19. But this proposition is of less importance than it would be had not the court in fact, upon application by the defendant, permitted an amendment setting up a want of consideration. No evidence of this character, after the amendment was permitted to be made, was excluded. The defendant, therefore, is not in position to allege any prejudice against his rights by reason of the rulings of the learned trial judge in this respect.

Another exception arises upon the evidence of Mr. Van Derlip, to the effect that in the spring of 1888 he had been shown by the plaintiff a note

[1] See note at end of case.

which purported to be the promissory note in suit, and that the plaintiff said it was the note of his father. This witness was quite indistinct in his recollection in regard to the transaction, and could not identify the note in suit as being positively the one which was shown to him by the plaintiff. This evidence was given out of its order in the case, but no objection was made thereto upon that ground. The plaintiff was subsequently permitted to testify, without objection, that he did show, at about the time mentioned by Mr. Van Derlip, this note to that witness, and that it was the identical note here in suit. Counsel for defendant moved to strike out the evidence of Mr. Van Derlip, but the motion was based solely upon the ground that it did not appear from any such evidence that the note in question was produced at that time by the witness. This motion was wholly unavailing, because the point which was sought to be established by the evidence was the possession by the plaintiff of the note at that time, and the evidence, such as it was, was for the consideration of the jury. When the evidence itself was offered, the objection made to it was upon the ground that it was a mere declaration of the plaintiff's, and was not made in the presence of the defendant or of any person interested. This objection was unavailing. It was not offered or received as a declaration in any respect, but as a fact, namely, the actual possession of the note, and that, too, at a time before any imputation of forgery against the plaintiff had been made; and hence was *res gestæ.* In this view of the case the evidence was competent.

Another objection was made to the evidence of the plaintiff touching two interviews which had been related by the witness Jane Davidson, which took place between the plaintiff and his father, the decedent, in the year 1887, in which the latter had told the plaintiff to go away and leave him; that he did not owe him one cent; and that the plaintiff at the time made no assertion that he owned or held any note against his father. This was after the amendment to the answer above referred to. This evidence was objected to, under section 829 of the Code of Civil Procedure. The objection was overruled, and the defendant excepted. If this objection can be avoided it can be done only through the authorities of *Ham* v. *Van Orden,* 84 N. Y. 271, and *Sanford* v. *Ellithorp,* 95 N. Y. 52. The objection made, as was stated in *Ham* v. *Van Orden, supra,* was general, that the witness was not competent under section 829 of the Code. But he was not rendered incompetent for all purposes in this action, because the defendant himself had been sworn as a witness prior to this time in the trial, and had given evidence from which it could be argued to the jury that his intestate did not execute the note in suit. This witness, therefore, was competent for some purposes. The court in *Sanford* v. *Ellithorp, supra,* says: "If the objection had simply been that the witness was not competent under the section referred to (section 829) it would have been unavailing, because too general. *Ham* v. *Van Orden, supra.*" The plaintiff appears, therefore, to have been a competent witness on account of the evidence given by the defendant. Being a competent witness for some purposes, it was incumbent, in order to exclude him from giving his version of the interview with his father, as related by the witness Jane Davidson, specially to point out the objection, unless the specific objection appeared from the nature of the question propounded. The witness' attention was called directly to a conversation testified to by Jane Davidson, and he was asked specifically if he had said to his father and his father had said to him what the witness Davidson had testified to. The objection so taken under section 829, though general, was, under the circumstances, sufficiently specific. Had objection been made to the competency of the witness before any question was put, a different question would arise; but when he was asked in detail if the conversation related by Davidson had taken place, and he was allowed not only to deny it, but give his version of the conversation at those times, of a quite different character, the provisions of section 829

were violated. *Pinney* v. *Orth*, 88 N. Y. 447; *Ward* v. *Plato*, 23 Hun, 402; *McKenna* v. *Bolger*, 37 Hun, 526, 1 N. Y. Supp. 651. This error in the admission of testimony necessarily leads to a reversal of the judgment.

There are other questions arising upon the charge of the learned trial judge which would be of interest, particularly those portions relating to the burden of proof. But it is hardly necessary for us, under the circumstances, to express any opinion in regard thereto, further than to say that at all times during the trial the burden was upon the plaintiff to establish affirmatively by a preponderance of the evidence that the defendant's testator made and delivered to the plaintiff the note in question. The judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

All concur.

### NOTE.

TRANSACTIONS WITH DECEDENT—EVIDENCE MADE COMPETENT BY THAT OF ADVERSE PARTY—IN GENERAL. Where the parties in ejectment claim through different owners, and plaintiff gives evidence of admissions made by defendant's grantor, such grantor may testify in rebuttal, though his testimony involves transactions had with a deceased person, through whom plaintiff claims title. Cole v. Denue, 3 Hun, 610. On an accounting by the executor of a deceased executor, where plaintiff has testified to an agreement between the original executor and the parties in interest, by which commissions of 5 per cent. were to be allowed him, one of such parties is likewise competent to testify as to such agreement. Shepard v. Patterson, 3 Dem. Sur. 183. Where defendant executor has testified to conversations between his testator and plaintiff, plaintiff is entitled to give his version of the conversations. Wilcox v. Corwin, 3 N. Y. Supp. 317, 23 N. E. Rep. 165.

—— SCOPE OF EVIDENCE. Where plaintiff is called by defendants, and examined upon a transaction with their intestate, as to which he would be incompetent to testify in the first instance in his own behalf, he is entitled on cross-examination to state the whole transaction, so as to show that the inference sought to be drawn therefrom by defendants is unfounded. Merritt v. Campbell, 79 N. Y. 625. And in the following cases it is held that where the personal representative or the successor in title of the decedent by his testimony partially develops a transaction or conversation with decedent, the adverse party may introduce evidence to show the whole of it: Sidway v. Sidway, 7 N. Y. Supp. 421; Davis v. Gallagher, 9 N. Y. Supp. 11; Clift v. Moses, (N. Y.) 20 N. E. Rep. 392; Nay v. Curley, (N. Y.) 21 N. E. Rep. 698.

—— TESTIMONY OF DECEDENT. The introduction by an executor, on his accounting, of the account-books of the testator, does not render a legatee competent to testify as to transactions had with the testator, for such account-books are not "testimony of the deceased," within the meaning of the section. Benjamin v. Dimmick, 4 Redf. Sur. 7. Nor is defendant entitled to testify as to personal transactions with plaintiff's deceased assignor in connection with the matter in controversy by the fact that plaintiff has put in evidence his own letters to defendant, containing statements of what his assignor, then alive, said about the matter. Farrell v. Krum, 17 Wkly. Dig. 471. Where a will introduced in evidence by plaintiff recites that a certain sum has already been advanced to one of the defendants, but no further evidence of the gift is offered, defendant is not competent to testify on the subject for the purpose of showing testator's forgetfulness and lack of testamentary capacity. Doughty v. Doughty, 5 N. Y. St. Rep. 95.

An executor, on accounting, claimed as his own a bond found in testator's trunk at his death. The surrogate allowed the widow, a party to the proceeding, to testify as to her husband's declarations of ownership in himself, and the executor offered written declarations over testator's signature tending to sustain his claim of title, but they were excluded. The general term held that their exclusion was erroneous, and said: "We are not now prepared to say how far they are affected or excluded by the section 399 [now 829] of the Code; but if a party in interest testifies to declarations of a deceased person, the prohibition contained in that section does not apply, and counter-declarations are admissible." Smith v. Christopher, 3 Hun, 585.

—— TESTIMONY IN PARTY'S "OWN BEHALF." "A party cannot, by examining his adversary as to a transaction with a decedent, claim that such evidence is given by the adversary 'in his own behalf,' and that, therefore, he may contradict him." And the rule is the same when the evidence as to such facts is elicited from such adversary on cross-examination. Corning v. Walker, 28 Hun, 435, affirmed, 3 N. E. Rep. 290. In an action of ejectment it was "stipulated and agreed that the following is a statement of the evidence that the witness C. [the plaintiff] would give on the trial hereof; and the same may be read in evidence on the trial of this action by either party, with the same force and effect as if said plaintiff were personally present and examined as a witness herein." C. died, the action was revived, with his grantees as plaintiffs, and this statement was read in evidence by defendant. The court held that this did not entitle him to testify as to transactions had with the deceased in connection with the matters contained therein, for the excepted transactions are only such as have been given in evidence by

the adverse party. "This clause was not intended to help a party to the record to give evidence in his own behalf, except in answer to the testimony of a deceased person when put in against him." Miller v. Adkins, 9 Hun, 9.

—— WHEN TESTIMONY "CONCERNS" TRANSACTION WITH DECEDENT. Plaintiff executor testified that after testator's death he found the note sued on among his effects, and that it was in defendant's handwriting. The supreme court held it error to refuse to allow defendant to testify that he never gave testator a note of that description, and said: "To make the evidence of defendant proper under section 829, it was not necessary that plaintiffs should have detailed a transaction or communication between the deceased and the defendant, which occurred in their presence, and of which their evidence was claimed to be a true history. If they gave any evidence which concerned the transaction between the deceased and the defendant, they then gave such evidence as would allow the defendant to give, in his own behalf, testimony 'concerning' the same transaction or communication." Sweet v. Low, 28 Hun, 432. This case is directly opposed to the decision of the general term, in the third department, in Egan v. Powers, 4 N. Y. Supp. 592, which, however, makes no reference to it. It was there held that in an action against an administrator for a debt due by his intestate, testimony by him that intestate showed him an acquittance in the handwriting, and over the signature, of plaintiff, does not concern a transaction between the deceased and plaintiff; and hence, while plaintiff may deny that he ever wrote or signed such a paper, he cannot testify that he never delivered it to the intestate. The decision is based on Simmons v. Havens, (N. Y.) 5 N. E. Rep. 73. In that case there was no question as to the effect of evidence of transactions with a decedent in rendering competent similar evidence in behalf of the adverse party, but it was held that testimony of plaintiff in ejectment as to the handwriting of the deed under which he claimed "did not involve a personal transaction" between him and the deceased grantor. In Bowers v. Smith, 3 N. Y. Supp. 105, it was held that, though defendant executor has testified that he saw plaintiff go to the bedside of testator, from which the inference is deducible that a transaction or communication may have taken place between them, plaintiff has no right to testify as to the details of the transaction, as to which defendant has not spoken. And in Clift v. Moses, (N. Y.) 20 N. E. Rep. 392, the court of appeals held that in an action on notes made by defendant to plaintiff's intestate, of which defendant is in possession at the trial, testimony by plaintiff that after the intestate's death defendant had access to his safe, where such papers were kept, does not render defendant competent to testify that the intestate surrendered the notes to him in consideration of the transfer of certain property.

Mitchell v. Cochran, 10 N. Y. Supp. 545, was a suit to foreclose a mortgage, brought by a surviving partner. The defense was payment, as to which plaintiff testified that the money was given to the deceased partner, not to apply on the mortgage debt, but to hand to plaintiff to buy goods for defendant, and that plaintiff used it for that purpose. It was held that this testimony related indirectly to a transaction between the deceased partner and defendant, and hence defendant's testimony in regard thereto was competent.

—— LIMITS WITHIN WHICH TESTIMONY IS COMPETENT. In an action by executors to recover chattels alleged to belong to the estate of their testatrix, plaintiffs testified that they had seen the chattels in the possession of their testatrix, and defendants were then allowed to testify as to the transactions by which these chattels came into their possession. On appeal, the court, after stating that this ruling went upon the theory that plaintiffs' testimony as to one transaction renders defendants competent to testify as to all, says: "The ruling is sought to be sustained upon the idea that the words 'concerning the same transaction,' at the end of the section, relate only to the next preceding clause, beginning with the word 'or.' We are not prepared to assent to that construction. We think the words in question refer as well to the first branch of the clause, commencing with the word 'except;' and that, so far as this case is concerned, the clause should read 'except where the * * * administrator * * * is examined in his own behalf * * * concerning the same transaction.'" Ward v. Plato, 23 Hun, 402. In an action against an administrator for work done for his intestate, plaintiff is incompetent to testify that clothes and money furnished him by the intestate were on account of wages, even though he had been asked on cross-examination whether he had received the clothes, and defendant had put in evidence checks given by deceased to plaintiff and indorsed by him. Vanderveer v. Vanderveer, 1 N. Y. Supp. 898. And it was held in Weston v. Reich, 7 N. Y. Supp. 784, that the fact that defendant on cross-examination is asked what he meant by certain expressions used by him in a letter to plaintiff, deceased pending the action, does not render him competent to testify as to a conversation had with plaintiff theretofore, which induced him to write the letter.

—— WHEN TESTIMONY SHOWS NO TRANSACTION. In an action by a surviving partner for the price of goods sold, defendant cannot testify that he paid the deceased partner for such goods, though plaintiff has testified that no payment was ever made. Pettit v. Geesler, 58 How. Pr. 195. Nor will the fact that plaintiff has testified as to transactions between himself and defendant render defendant competent to testify as to transactions between him and the deceased partner. Goodwin v. Hirsch, 37 N. Y. Super. Ct. 503. Testimony by defendant executor that his testator's signature to the note sued on is a forgery does not render plaintiff competent to testify that he received

the note personally from testator. De Verry v. Schuyler, 8 N. Y. Supp. 221. And in an action against heirs for specific performance of a contract by their ancestor to convey land to plaintiff, where the controversy is as to the price agreed on, plaintiff cannot testify that he did not agree to pay the price claimed by defendants, which involves a transaction with decedent, where defendants have only testified to admissions by plaintiff, and not to any transaction between him and their ancestor. Chadwick v. Fonner, 69 N. Y. 404.

—— CONTRADICTION BY EXTRANEOUS FACTS. In an action by an administrator, where a witness for plaintiff testifies to conversations between defendant and the intestate, at which he says he was present, tending to establish the agreement sued on, it is competent for defendant to rebut his evidence by testifying that he was never present at such conversations, or that defendant himself was not present at the time mentioned. Pinney v. Orth, 88 N. Y. 447. And in Gorham v. Price, 25 Hun, 11, it was held that defendant might testify directly whether such conversations had ever occurred.

Lewis v. Merritt, 98 N. Y. 206, and 21 N. E. Rep. 141, was an action by an executor for the alleged conversion of certain notes belonging to the estate. The executor testified that on the morning before testator's death these notes were in a trunk under his bed, but that they had been abstracted before the next morning; and that defendant was alone in the room with deceased shortly before he died. The trial court refused to allow defendant to testify that he did not take the notes from the trunk, and that they were in his possession at the time plaintiff said he saw them in the trunk. On appeal this ruling was held erroneous, and it was said that the testimony was competent as showing extraneous facts and circumstances tending to prove the falsity of plaintiff's evidence, though they incidentally tend to establish an inference that a personal transaction between the witness and testator had taken place.

An executor sued on an alleged agreement between defendant and his testator, tenants in common of certain land, that defendant should acquire title to the whole premises by the amicable foreclosure of a mortgage, and then pay testator a certain sum for his interest, which payment he failed to make. A witness for plaintiff having testified to conversations between defendant and testator tending to establish the agreement, the supreme court held that the court below erred in excluding defendant's testimony that he was induced to foreclose the mortgage by testator's failure to pay his share of the interest and the expenses of keeping up the place, for it related to extraneous facts, not necessarily involving personal transactions with testator. "It was not the intention of the Code to prevent a party from testifying as to any extrinsic fact that tends to contradict a witness who swears to transactions or communications had between such party and a deceased person, even when he cannot directly testify that no such communication or transaction was ever had. It was not the intention to prevent the contradiction of a living witness, but to prevent a living party to a transaction or communication from testifying to it himself when death has closed the mouth of the other party." McKenna v. Bolger, 37 Hun, 527. On the second trial of this action defendant was asked whether, at the time and place, and in the presence of a witness, he had made the promise sued on and testified to by such witness; and the question was excluded because it called for a transaction with the testator. On appeal (1 N. Y. Supp. 651) the court sustained the ruling, and said: "The contradiction of the witness herein would seem at first blush to be within the rule laid down, but its analysis demonstrates the error of this view. If the question relates directly to and embraces, in hæc verba, what was said, it must be rejected; while all negatives tending to show that the evidence sought to be overcome must be false may be used. * * * In other words, while you may permit a negative which tends to contradict the testimony, even though it also tends to negative a personal transaction with deceased, you cannot embrace in the question any statement of the subject-matter. The conversation may be referred to for the purpose of denying its occurrence, but you must rest there."